ROSANNA COOK v. WILLIAM B. SMITH.

**No. 13,100.**  ( 72 Pac. 524.)

SYLLABUS BY THE COURT.

1. SUPERSEDEAS BOND—*Insufficient Petition.* In a petition on a bond conditioned for the payment of all damages occasioned by a stay of proceedings in an action for a money judgment, an allegation that the judgment debtors were insolvent when the judgment was finally rendered, nothing being said as to their solvency prior to that time, affords no basis for the recovery of substantial damages.

2. ———— *Limitation of Action.* Where a petition on such bond alleges no element of damage other than the mere suspension of the right to prosecute the case until the determination of a proceeding in error connected with it, the cause of action stated accrued upon such determination and was barred in five years from that time.

3. PRACTICE, SUPREME COURT—*Nominal Damages.* Where a demurrer to a petition which states no ground for substantial damages is sustained, this court will not reverse the decision merely because the facts stated would entitle plaintiff to nominal damages.

Error from Pawnee district court; CHARLES E. LOBDELL, judge. Opinion filed May 9, 1903. Affirmed.

*H. S. Rogers,* and *Charles C. Keran,* for plaintiff in error.

*W. H. Vernon,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Rosanna Cook sued H. and F. J. Mathias in the district court of Pawnee county, asking a money judgment, and upon a first trial failed to recover. On February 6, 1892, a new trial was granted. Plaintiff then dismissed without prejudice, and later in the same year began a new action for the same re-

lief. Thereupon the defendants instituted proceedings in error in this court seeking the reversal of the order granting a new trial, and procured an order therein restraining the further prosecution of the action in the district court until the determination of such appeal, the order to be effective upon the giving of a bond in the sum of $1000 to pay plaintiff all damages she might sustain because of such order, if the decision awarding the new trial should be affirmed. Such a bond was given, signed by William B. Smith and G. Krouch as sureties. The decision was affirmed June 6, 1896. On September 6, 1896, judgment was rendered for plaintiff in the action in the district court for $6400. On July 17, 1901, plaintiff began an action against William B. Smith on the bond, the petition setting out the facts above stated, only adding that the judgment remained unpaid, and that the judgment defendants were insolvent at the time of the rendition of the judgment. The district court sustained a demurrer to the petition, and this proceeding is brought to review such ruling.

The objections urged to the petition are that it fails to allege facts showing any injury to plaintiffs, and that it shows upon its face that action on the bond was barred by the statute of limitations. It will be noted that the petition does not attempt to allege that the judgment defendants were solvent when the stay order was made, or that the judgment would have been collectable if it had been rendered in the regular course of litigation without the delay occasioned by the stay order. But the plaintiff contends that the bond was in effect conditioned for the payment of such judgment as might be rendered. It is true that a supersedeas bond required by the federal statute, upon a writ of error brought to reverse a judgment for the payment of money, conditioned that

plaintiff in error "shall prosecute his writ to effect, and answer all damages and costs if he fails to make his plea good," is held to be an obligation to pay the judgment in full if it is affirmed, and not merely to pay the damages occasioned by the delay. ( *Catlett v. Brodie*, 9 Wheat. 553, 6 L. Ed. 158.) But this construction grows out of considerations not applicable here, and is expressly limited to cases where the effect of the bond is to stay execution on a money judgment. ( *Kountze v. Omaha Hotel Co.*, 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609.) In the present case there was no money judgment. If there had been, the judgment defendant, in order to procure a stay of execution pending an appeal under our statute, would have been required to furnish security for the payment of the judgment if it should be affirmed. The judgment or order appealed from was one granting a new trial, and the prosecution of the case in the district court was stayed until the determination of the appeal, upon the giving of an undertaking to pay all damages occasioned by the delay. As was said of a similar bond in *Hughan v. Grimes*, 62 Kan. 258, 62 Pac. 326, the obligors were liable for all loss actually sustained by the successful parties by reason of the stay. If the judgment debtors were insolvent when the action was originally brought, and the petition states nothing to the contrary, the plaintiff suffered no actual or substantial damage by the delay.

But plaintiff in error invokes the doctrine that any invasion of a legal right entitles the aggrieved person to nominal damages, even if no actual pecuniary damages are shown. In view of this contention the consideration of the statute of limitations becomes important. No doubt, in any case where the amount of recovery would depend on the final result of the proceedings in which the stay was had, the cause of

action on the bond would not accrue until such pro
ceedings were ended.   But considering the petition as
setting out merely the technical wrong occasioned by
a temporary suspension of the right to prosecute the
case, without claiming any consequent actual dam-
ages, the cause of action must be deemed to have ac-
crued as soon as the barrier was removed, and the
wrongfulness of the delay was determined, by the de-
cision of this court in the proceedings in error.   As
this decision was rendered June 6, 1896, and the
present action was not begun until July 17, 1901, the
bar of the statute of limitations had fallen, and the
demurrer was properly sustained on that ground.

Moreover, another consideration would restrain this
court from reversing a decision sustaining a demurrer
to a petition, merely because the facts stated would
entitle the plaintiff to nominal damages.   In such
case there would be nothing substantial in the contro-
versy here.   It would fall within the rule under which
proceedings in error and original actions have been
dismissed where circumstances had limited the practi-
cal effect of a decision on the merits to a determina-
tion as to who should pay the costs, notwithstanding
the fact that the costs alone amounted to a considerable
sum.   In *Scott v. Marchant*, 88 Ind. 349, a case having
many features of similarity to the present one, being
founded upon a stay bond, it was said :

"It does not appear of what sum of money she (the
appellant) lost the use because of the appeal, or how,
by reason of the execution of the bond, the appellant
has been injured substantially.   If the complaint
showed a cause of action for nominal damages, this
court will not reverse a judgment for error which pre-
vented the recovery of nominal damages only."

The judgment is affirmed.

All the Justices concurring.