## THE STATE OF KANSAS v. T. T. KELLY et al.

No. 15,158.   (96 Pac. 40.)

### SYLLABUS BY THE COURT.

1. DAMAGES — *Conversion of Municipal Warrant — Interest.* Where the custodian of a municipal warrant sells it without authority before funds have been raised by the municipality for its redemption, and thereby becomes liable for its conversion, the measure of damages to the payee does not necessarily include interest up to the time of its payment.

2. PETITION — *Action on State Treasurer's Bond — Conversion of a Warrant—Nominal Damages.* A petition which alleges that the state treasurer, having custody of a municipal warrant issued for an indebtedness due to the state, sold it without authority before it was reached for payment, for its face and interest to the time of such sale, turning the money into the treasury, does not show grounds for the recovery by the state of more than nominal damages against the treasurer, where there is no allegation that the warrant at the time of the sale was worth more than the amount then paid for it. The lack of such allegation is not supplied by an averment

that some time after such sale the warrant was paid in full by the municipality issuing it, with interest to the date of payment.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed May 9, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* and *James P. Coleman,* assistant attorneys-general, for The State.

*Rossington & Smith,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: The territory of Oklahoma made a contract with the state of Kansas for the keeping of territorial convicts at the state penitentiary. By its terms accounts becoming due thereunder were to be paid within thirty days after the close of each quarter, or as soon thereafter as the taxes for that purpose could be collected by the treasurer of the territory. Every three months settlements were had by the Oklahoma officials with the warden of the penitentiary and warrants of the territory were issued to him for the amounts owing. These warrants, in accordance with the territorial statute, bore interest at the rate of six per cent. per annum from their date. The warden turned over a number of them to the state treasurer, who after holding them for a time sold them for their face and accrued interest and covered the sum so realized into the state treasury. When the warrants were paid by the territory the holder received interest upon them up to that time. The state of Kansas thereafter brought an action against its treasurer upon his official bond for the recovery of the amount which the territory paid as interest on such warrants and which the state did not receive. A demurrer was sustained to the petition, which set out substantially the facts above stated, and the plaintiff prosecutes error.

It is suggested in behalf of the treasurer that as the

law did not contemplate his receiving the warrants he was not chargeable with any misconduct with respect to them. But, since he did accept them, he should be held responsible for their proper handling. Moreover, as no statute authorized him to sell them his doing so was doubtless at least a technical violation of his official duty. This consideration might of itself have warranted a recovery of nominal damages, but is not important here, for this court has decided that "where a demurrer to a petition which states no ground for substantial damages is sustained, this court will not reverse the decision merely because the facts stated would entitle plaintiff to nominal damages." (*Cook v. Smith*, 67 Kan. 53 [syllabus], 72 Pac. 524. See, also, *Shelton v. Bornt*, 77 Kan. 1, 93 Pac. 341; 14 Encyc. Pl. & Pr. 934.)·

The question to be determined is whether the facts stated gave a right to recover substantial damages. The state invokes the rule in trover that the measure of damages is the value of the property at the time of the conversion, with interest from that date. Judged by this test no actual damage was alleged. The petition does not assert that the warrants at the time of their sale were worth more than the amount received for them, nor can an inference to that effect be drawn from any of its averments. If the value of the warrants at that time was their face and accrued interest, and their sale was a conversion, the treasurer became at once liable for that amount. But as the proceeds were immediately turned into the treasury the public suffered neither actual nor theoretical loss. It is said that "in ascertaining the damages in many actions of trover it is allowable to mitigate them by investigating and determining what, for want of a phrase of greater accuracy, may be called the equity of the case." (28 A. & E. Encycl. of L. 734.) Upon this principle it is common to allow the defendant to show in mitigation of damages the application of chattels to the plaintiff's benefit—in effect, to give him credit for their value. (28 A. & E. Encycl. of

L. 735, 736.)    Plainly where the proceeds of a wrongful sale of personal property are at once applied to the owner's use the wrong-doer's liability is decreased by that amount.    In the present case, in the absence of any allegation that the value of the warrants at the time of their sale was greater than the amount received for them, the petition must be held to show affirmatively that the injury to the state resulting from the treasurer's wrongful act was fully offset by the sum paid into the treasury, leaving the treasurer liable for only nominal damages.    The cause of action against the treasurer accrued at the very moment he sold the warrants.    The state then became entitled to recover of him the face of the warrants, with interest to that time.    This amount he at once turned into the treasury, thereby satisfying in full the demand against him, and thus leaving nothing to which future interest could attach.

It is said that the measure of damages for the conversion of negotiable paper is the face value and interest (22 A. & E. Encycl. of L. 875), and possibly under some circumstances the interest should be computed to maturity instead of to the date of the conversion.    Perhaps if a state treasurer should without authority sell a bond which the state held as an investment, and which fell due at a definite time, he might become liable for the interest up to its maturity, although he received and paid to the state its full market value at the time of its sale.    But a different situation is here presented.    The contract for the care of the Oklahoma prisoners made no mention of warrants or of interest upon delayed payments.    It contemplated a payment being made in cash at the end of each quarter, subject only to a possible delay in raising the necessary funds by taxation. The warrants were merely in effect vouchers or certificates of indebtedness issued in anticipation of the territorial revenues.    They were payable whenever the treasurer of the territory was in funds.    As between the state and the territory the state received all it was entitled to.    In view of that fact it can not be said that

the measure of damages for the treasurer's wrongful act should include interest up to the time of the actual payment of the warrants.

The judgment is affirmed.