(78 Misc. Rep. 422.)

### BLASS v. LINSLEY.

(Supreme Court, Trial Term, Cayuga County. December, 1912.)

1. NEW TRIAL (§ 74*)—GROUNDS—RECOVERY OF NOMINAL DAMAGES.

   In an action for assault willfully provoked by plaintiff, where the costs of the action are substantial, though plaintiff is entitled only to nominal damages, a verdict for defendant will be set aside and a new trial granted, unless the defendant enters into a written stipulation waiving costs and disbursements.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 150; Dec. Dig. § 74.*]

2. WITNESSES (§ 140*)—COMPETENCY—TESTIMONY AS TO TRANSACTIONS WITH PERSONS SINCE DECEASED.

   Where the question of a right of way over land was involved in an action for assault, but the determination of the jury reached no further than the action, a witness, other than either of the parties, was not incompetent under Code Civ. Proc. § 829, providing that a party or person interested in the event shall not be examined as a witness in his own behalf against the representative of a decedent as to a transaction or communication with the decedent.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*]

3. NEW TRIAL (§ 35*)—GROUNDS—EXCLUSION OF EVIDENCE—HARMLESS ERROR.

   The exclusion of testimony of a competent witness does not require the setting aside of the verdict, where his testimony would have been purely cumulative.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 51–55; Dec. Dig. § 35.*]

Action by Floyd Blass against Evelyn M. Linsley. Motion to set aside a verdict for plaintiff, and for a new trial. Granted on condition.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Tryon, of Auburn, for plaintiff.

H. Kellogg, of Wolcott, for defendant.

DWYER, J. This was an action for assault. The jury rendered a verdict of no cause of action, and plaintiff now moves to set that verdict aside and for a new trial upon various grounds.

That the defendant unjustifiably assaulted plaintiff is established by his own testimony, as well as by other evidence; but that such assault was willfully provoked is, likewise, very clearly shown. The determination of the jury that no real damage was suffered by plaintiff, and that, under the circumstances, punitive damages should not be awarded, was, in my opinion, a just and correct disposition of the matter. The plaintiff was unquestionably, however, entitled to a verdict for nominal damages. Defendant opposes this motion on the strength of the well-understood rule that a new trial will not be granted to enable a plaintiff to recover nominal damages only. McConihe v. New York & Erie Railroad Co., 20 N. Y. 495, 75 Am. Dec. 420; Nolan v. Harris, 52 How. Prac. 409; Hopkins v. Grinnell, 28 Barb. 533; Chase v. Bassett, 15 Abb. Prac. (N. S.) 293.

The difficulty in the application of that rule here seems to be that the plaintiff has not only been deprived of his right to a verdict for nominal damages, but has become, as a direct consequence of this verdict, subjected to the payment of the very substantial costs of the action. He is, therefore, entitled, as a matter of right, to have the case so disposed of as to relieve him from this unjust situation.

Mr. Justice Balcom in Chase v. Bassett, supra, seems to have overlooked the fact that a verdict for defendant carries full costs, but in all others involving this question which have come under my observation the distinction is clearly marked out and followed. The true rule seems to be that new trials will not be granted to allow a technical correction, but where the costs involved are substantial in amount the rule is not applicable.

[2] My attention is also called to the exclusion of the evidence of plaintiff's witness, Leon J. Blass, on the ground that the witness was incompetent to testify under the provisions of section 829 of the Code.

The only persons interested in the event of this action were the parties thereto; while the question of a right of way crossing this land was involved the determination of the jury upon it reached no further than this action, and did not conclude the question of its establishment by grant, license, or prescription. The rule as to what interest is necessary to disqualify a witness is quoted with approval from Greenleaf by the court in Miller v. Montgomery, 78 N. Y. 282–285, and is as follows:

"The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action."

It is clear, therefore, that this witness was not interested in the event of the action and that the exclusion of his evidence was erroneous. Under different circumstances this error would in and of itself demand a setting aside of the verdict.

[3] The facts attempted to be proven by him were, however, purely cumulative. The claimed existence of this right of way was testified to by other witnesses and shown in other ways. Giving to that evidence all the force which can be claimed for it, and all the effect which it could have if substantiated by this excluded evidence of Mr. Blass, would in no manner alter or modify the situation as it was presented. The facts remain that defendant committed an assault upon plaintiff; that the jury were justified in finding from the evidence that no actual damage resulted; and that plaintiff having deliberately invited that assault was not entitled to punitive damages. The only harm which has come to plaintiff by the verdict is by the imposition upon him of the costs of the action. If he be relieved from this burden, there will be no justification for directing a new trial to enable him to recover nominal damages.

The motion is therefore granted, the verdict set aside, and a new trial directed, unless defendant shall within 10 days after service of the order hereon waive by stipulation in writing all costs and taxable disbursements of the action, and consent to entry of judgment on this verdict without costs. If such stipulation be filed, the motion is denied. No costs.

Order may be entered in accordance with the foregoing.

Ordered accordingly.