No. 19,585.

LAWRENCE FISK, *Appellant,* v. H. J. NEPTUNE, *Appellee.*

SYLLABUS BY THE COURT.

LEASE—*Breach by Lessee—Damages Not Allowed.* The evidence in an action by a landlord against his tenant, for noncompliance with a lease, examined and found not to require the verdict to be set aside.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed June 12, 1915. Affirmed.

*P. C. Young,* of Fredonia, for the appellant.

*S. C. Brown,* of Chanute, for the appellee.

The opinion of the court was delivered by

MASON, J.: Lawrence Fisk, the owner of a farm, on September 23, 1912, leased it to H. J. Neptune for a period ending March 1, 1914. Neptune occupied the leased premises until December 8, 1913, when he left without notice to his landlord. Fisk brought action against Neptune for damages resulting from his failure to comply with the terms of the lease in various respects. A jury returned a verdict for the defendant, on which a judgment was rendered, from which the plaintiff appeals.

The contention of the plaintiff is that the verdict was not supported by the evidence—that it should not be allowed to stand because the uncontradicted evidence of the plaintiff, corroborated in some instances by the admissions of the defendant, showed that the defendant had violated his agreement, and that the plaintiff had suffered loss in consequence. The plaintiff had the burden of proof, and although his testimony in material matters was not contradicted by any other witness, the jury may have discredited it without necessarily convicting themselves of being influenced by passion and prejudice. (*Cobe v. Coughlin,* 83 Kan. 522, 112 Pac. 115.) Conceding that the admissions of the defendant established various violations of the contract on his part it does not follow that the judgment should be set aside. To justify that course this court would have to find that substantial damages had been conclusively proved. A reversal is not ordered for a fail-

Myrick v. Manufacturing Co.

ure to award nominal damages. (*The State v. Kelly*, 78 Kan. 42, 44, 96 Pac. 40; *Hickman v. Richardson*, 92 Kan. 716, 142 Pac. 964.) We do not think the defendant's testimony established that any dereliction on his part resulted in a material loss to the plaintiff. For instance, the defendant's conduct in leaving the farm appears to have been without justification, and to have exposed the plaintiff to some inconvenience and risk of loss. But the only damages asked in this regard were on account of the time spent by the plaintiff in finding some one else to occupy the place for the remainder of the period covered by the lease, and the amount of time lost in this way, and its value, were fair questions for the jury. Their finding that no substantial damages were occasioned in this way can not be disturbed.

The judgment is affirmed.