No. 19,663.

Abe Noll, *Appellant*, v. Henry Ellerman et al., *Appellees*.

SYLLABUS BY THE COURT.

1. Trespassing Live Stock—*Partition Fence—Outside Issue—No Prejudicial Error in Record.* The plaintiff sued for damages alleged to have been done by trespassing live stock. The jury found for the defendants. The pleadings contained nothing to indicate any other subject or object of the controversy. A volume of evidence was introduced and the case was tried as one involving a partition fence. *Held,* that as no error respecting the pleaded contention is shown, the record will not be exhaustively scrutinized to ascertain whether or not some outside issue was tried according to legal rules, such examination as the situation justifies failing to disclose prejudicial error.

2. Appeal—*Failure to Award Nominal Damages.* Rule followed that a reversal will not be ordered for failure to award nominal damages.

Appeal from Jefferson district court; Oscar Raines, judge. Opinion filed December 11, 1915. Affirmed.

*H. N. Casebier,* of Oskaloosa, and *J. B. Larimer,* of Topeka, for the appellant.

*C. D. Walker,* of Atchison, for the appellees.

The opinion of the court was delivered by

West, J.: This is a partition-fence lawsuit under the guise of an action for damages by trespassing live stock. The plaintiff owns an eighty-acre tract of land bounded on the north by a tract owned by defendant Henry Ellerman, west of whose tract is another owned by Ed Ellerman. There was much evidence and controversy about a road and a fence between the Noll and the Henry Ellerman tracts, and it is quite manifest that the stock in question was taken up and this action brought as a means and for the purpose of settling a fence controversy and is not a question of damages. Indeed the jury found that no damage was suffered by the plaintiff, and the general verdict was for the defendant. There is nothing whatever in the pleadings to indicate the real nature of the controversy, and when the voluminous evidence is examined it becomes apparent that the matter of damages was about the last thing thought of.

The first assignment of error is in sustaining the demurrer of defendant Henry Ellerman to the evidence of the plaintiff. We have searched the index in vain to find that the demurrer was either filed or sustained, but a careful examination of the abstract itself discloses that such a ruling was made. In the brief the principal contention is that the court erred in giving fourteen instructions and in refusing four requested by the plaintiff. Those requested have no reference whatever to anything but partition fences, while those given covered this subject quite fully and fairly and charged the jury that should they find that the fence in controversy was a partition fence, before they could find for the plaintiff they must find that he had sustained damage by reason of the trespassing of the stock of the defendants upon his land. As the jury found adversely to him, it hardly seems necessary to go into these interesting but useless fence discussions.

The contention that nominal damages should have been recovered is answered by the rule that reversals will not be ordered for failure to award nominal damages. (*Hickman v. Richardson*, 92 Kan. 716, 724, 142 Pac. 964.)

Such examination of the record as the situation justifies has been made, however, and on the ostensible theory of the controversy no error appears, while on the real theory we have discovered nothing to show that prejudicial error was committed.

The judgment is affirmed.