No. 26,370.

J. W. Craig, *Appellant*, v. St. Louis-San Francisco Railway Company, *Appellee*.

OPINION DENYING A REHEARING.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion denying a rehearing filed March 6, 1926. (For original opinion of affirmance see *ante*, p. 105.)

*C. H. Brooks, Williard Brooks, Howard T. Fleeson* and *William H. Hitchcock*, all of Wichita, for the appellant.

*R. R. Vermilion, W. F. Lilleston*, both of Wichita, and *E. T. Miller*, of St. Louis, Mo., for the appellee.

The opinion of the court was delivered by

Burch, J.: Plaintiff has filed a petition for rehearing in which he calls attention to the fact that the jury did not allow him nominal damages, as the court directed, but found a general verdict for defendant. The subject was not overlooked, but was not referred to in the former opinion because the merit of the appeal lay in plaintiff's contention that he should have been permitted to recover substantial damages, and this court does not reverse in order that merely nominal damages may be awarded (*Cook v. Smith*, 67 Kan. 53, 72 Pac. 524; *Shelton v. Bornt*, 77 Kan. 1, 93 Pac. 341; *State v. Kelly*, 78 Kan. 42, 96 Pac. 40; *Benfield v. Croson*, 90 Kan. 661, 136 Pac. 262).

Plaintiff contends he brought suit under the Carmack amendment, and that his damages are to be determined according to that statute. In the petition for rehearing appears the following:

"It is not clear from this court's opinion whether the rule of damages laid down is with reference to the claim as being one under the Carmack amendment or not. If the rule is laid down merely as the common law of Kansas, we request a reconsideration on the ground that the Carmack amendment and not the common law of Kansas governs, and we urge that our right under the federal law is as contended in our brief."

Defendant's answer contained the following allegation:

"That said shipments and each of them were export traffic and destined to and intended for transatlantic points in foreign countries and were actually so transported."

Appeal and Error, 4 C. J. pp. 623 n. 22, 1179 n. 3, 1193 n. 66.

At the trial the parties stipulated as follows:

"Except as to car SF 32136, Custer City, Oklahoma, to Wichita 7-25-22, it is admitted that each and every shipment involved in this case was export traffic, intended for transatlantic shipment and afterwards so shipped, . . ."

There was no evidence of negligence on the part of defendant or of delay in transportation on defendant's railroad. Defendant requested the court to instruct the jury to return a verdict for defendant, and in the event the court declined so to instruct, to instruct the jury that defendant could not be held liable for anything done or omitted, or for any delay, except on its own line; that there was no proof as to the line of railroad on which any delay occurred; and that the presumption was the delay occurred on the line of the last carrier. The court instructed the jury that, under the federal statutes, defendant would be liable as initial carrier for any damage resulting from unreasonable delay over its own line or on the lines of a connecting carrier. Although the court instructed the jury to return a verdict for nominal damages, it refused to set aside the verdict for defendant and grant a new trial.

In this court, defendant contended plaintiff could not recover under the Carmack amendment, citing *Barber v. Missouri Pac. Rld. Co.*, 118 Kan. 651, 236 Pac. 859. One of plaintiff's answers to the contention was the following:

"Appellee places its greatest emphasis upon a contention, *now squarely made for the first time,* that the Carmack amendment (Comp. Stat. § 8604-*a*) does not apply to the shipments now in suit. If it does not apply, our suit fails, because we had no evidence as to which of the carriers involved in the transportation caused the delay, relying upon the Carmack amendment to collect from the initial carrier."

The subject was not mentioned in the former opinion because it was not necessary to do so. Plaintiff made no contention in the district court, and made no contention in this court, that damages for delay in transportation were to be assessed in an action under the Carmack amendment, according to a rule different from the rule applicable in other actions for damages for delay. His argument was that it is the settled policy of the law to permit use of the rule of convenience or "rule of thumb"—difference in market value— as the one available measure of damages when there is delay in transportation of goods for sale, even although they are shipped for sale for a specific purpose, and that purpose is fulfilled; that because speculative damages may not be proved, he was thrown back

"upon the ordinary measure of relief"; and that application of this measure was essential to protection of the hypothetical "economic man." The cases upon which he relied were cases applying the general market-value rule, and in the "conclusion" of his brief he said:

"As to the measure of damages, the court erred in refusing to apply the ordinary measure of damage, being the difference between market value at destination on date arrival is due, and when it actually occurs; . . ."

The record was abundantly sufficient to raise the question in the district court whether plaintiff could recover under the Carmack amendment. With the stipulation in the record noted above, and with the admission in this court that the suit failed unless the Carmack amendment governed, this court was in position to make final determination of the controversy, should it hold the action could not be maintained under the Carmack amendment. It would be even more bootless to return the cause to the district court for further proceedings than it would be to send it back for award of nominal damages. It was not necessary, however, to decide that question, because, while plaintiff went to the Carmack amendment for a basis of liability of defendant for whatever damages he sustained, he went to the common law for his measure of damages, and under the common law he was entitled to nominal damages only.

The result is that, if plaintiff now seeks to invoke some special federal rule for assessing damages occasioned by delay in transportation, he seeks to do what he accused defendant of attempting to do—mend his hold—and the petition for rehearing is denied.

HARVEY, J., dissenting.