JAMES O. SEBRING, Plaintiff, *v.* EDWIN S. UNDERHILL, Defendant.

Supreme Court, Steuben County, July 23, 1926.

Libel — motion by plaintiff to set aside verdict of no cause of action in action for libel — courts generally do not disturb verdicts in favor of defendants in libel actions — verdict herein not against weight of evidence — motion denied.

An application by the plaintiff, upon the return of a verdict of no cause of action in an action for libel, to set aside the verdict as contrary to and against the weight of evidence and on the ground that the jury was prejudiced against him

by reason of the intemperate remarks of defendant's counsel in the summation, must be denied where an examination of the evidence fails to show that said verdict was against the weight of the evidence or that the arguments of defendant's counsel tended to inflame the minds of the jury; courts do not favor the setting aside of verdicts in favor of defendants in libel cases, particularly as being against the weight of the evidence.

Motion by the plaintiff to set aside the verdict of a jury and for a new trial upon the court's minutes.

*James O. Sebring,* plaintiff in person.

*Cheney & Costello* and *Fred A. Robbins,* for the defendant.

Thompson, J. This is a motion to set aside a verdict of no cause of action in a libel case. The trial consumed two weeks. The complaint contains nineteen typewritten pages and the answer ninety-five. The case was keenly contested, and there was testimony adduced on each side of every issue raised. There were no serious contentions in reference to the court's rulings or charge to the jury; and none are suggested on this motion.

Plaintiff insists that the verdict is contrary to and against the weight of the evidence, and charges that the jury was biased and prejudiced against him by intemperate remarks of defendant's counsel in his summary.

Courts do not favor the setting aside of verdicts in favor of defendants in libel cases. " A verdict in favor of the defendant [in a libel action] is rarely set aside as against the weight of evidence." (*Fleming* v. *Brauer,* 110 App. Div. 876, 878.)

Even though as matter of law the plaintiff was entitled to recover nominal damages, a new trial will not be ordered for this purpose. (*National Cash Register Co.* v. *Schmidt,* 48 App. Div. 472, 474; *Blass* v. *Linsley,* 78 Misc. 422; *Lynch* v. *New York Times Co.,* 171 App. Div. 399; Baylies N. T. & App. [3d ed.] 809; 17 R. C. L. 433, 445.)

In the case of *Lesser* v. *International Trust Co.* (175 App. Div. 12, 17) defendant falsely charged plaintiff with being a fugitive from justice, and the jury rendered a verdict of six cents in his favor, which the trial court at once set aside. In reversing the order the appellate court said: " The jury also had the plaintiff before them and decided that six cents was the compensatory verdict. The amount of damages in an action of libel is peculiarly within the province of the jury." (To the same effect see *Amory* v. *Vreeland,* 125 App. Div. 850. 854; *Garrison* v. *Sun Printing & Pub. Assn.,* 164 id. 737.)

Under the view taken by New York courts exemplary or punitive damages may not be awarded by way of compensation to the

sufferer, but only to punish and make an example of the offender. (*Holmes* v. *Jones*, 147 N. Y. 59, 67; *Powers* v. *Manhattan Railway Co.*, 120 id. 178; *Reid* v. *Terwilliger*, 116 id. 530, 534; 17 C. J. 714, 968, 993.)

" On the trial of an indictment for libel, the jury have the right to determine the law and the fact." (Code Crim. Proc. § 418; N. Y. Const. art. 1, § 8.)

Libel actions being in the nature of criminal actions, a verdict of no cause of action is analogous to a verdict of not guilty. Moreover, the question of the punishment of the defendant, by way of punitive damages, and its measure, resting solely with the jury, lends an added significance to such a verdict not to be overlooked on applications of this kind. In such cases, no rule of law having been violated, and there being no other ground for the motion than that the jury has misunderstood or disregarded the evidence, a new trial will not be granted. (*Paddock* v. *Salisbury*, 2 Cow. 811; *Hurtin* v. *Hopkins*, 9 Johns. 36; *Ex parte Baily*, 2 Cow. 479; *Rundell* v. *Butler*, 10 Wend. 119: *Jarvis* v. *Hatheway*, 3 Johns. 180; 37 C. J. 16, 112.)

Upon a careful consideration of defendant's counsel's summary, I find no statements or arguments tending to inflame the minds of the jury against the plaintiff; and it must be observed that no objection or exception thereto was taken at the trial.

The recent decision in *Abell* v. *Cornwall Industrial Corp.* (241 N. Y. 327) has little application here, the court in its opinion saying, stripped of incompetent and irrelevant testimony offered by way of justification, " the jury merely reading the article might well say that the article, though unexplained and unjustified, would tend to subject the plaintiff to chaffing rather than to obloquy or even ridicule," and " a charge which, * * * might reasonably be regarded as a source of amusement rather than contempt." The court reversed the judgment because the trial court erred in receiving testimony of " gossip " and " purest hearsay " that " plaintiff does not properly care for his aged father and treats him cruelly," as justification. The suggestion of such a charge, which the court well says imputes " serious moral delinquency," or of anything of similar character in any particular or respect whatsoever, cannot be found in the record of this case, either as justification or in chief.

A jury selected and approved by both parties has heard and decided this action. On the whole case, and in the light of the law to be consulted, I find no cause to disturb the verdict.

Motion denied. So ordered.