THE SOUTHLAND Co. *v.* AARON, et ux.

No. 39697        June 13, 1955        80 So. 2d 823

*Welch & Gibbes,* Laurel, for appellant.

*James D. Hester,* Laurel, for appellees.

GILLESPIE, J.

This is an appeal from a judgment for $500.00 rendered against appellants and in favor of appelless, owners of land through which Big Bogue Homa Creek flows. The appellants own and operate a gasoline refinery above the land of appellees. The suit was for damages to plaintiff's land resulting from the pollution of the said creek. This is a sequel to the former suit between the same parties wherein, on appeal to this Court, the judgment in favor of appellees was reversed on the question of damages but affirmed as to liability. Southland Co. v. Aaron, 72 So. 2d 161 (Miss. 1954). The declaration charged negligence, but the action is founded on nuisance.

This suit is for damages from the period after February 27, 1953, the date of the Judgment in the lower court in the former suit. The jury was amply justified in finding as a fact that from and after February 27, 1953 until February 26, 1954, the date of the judgment of the lower court in the present case, the appellants continued to pollute and contaminate the waters of Big Bogue Homa Creek running through the lands of appellees, and that during that time there was oil and asphalt on the waters of said creek; that it would be dangerous to the health of cattle to allow them to drink the waters of said creek; that some of the grasses on that part of the lands lying west of the creek, which were improved and planted in permanent pasture and used as pasture for appellee's cattle, had been killed by the pollution on occasions when the creek would overflow onto these lands, although the extent of such damage or the money value thereof was not shown; that the 143 acres of said lands of appellees lying east of the creek was woodland and unimproved, except for about ten acres that had been cleared and partly developed; that no part of the land east of the creek was fenced, and no part had ever been used by appellees for pasture; that there was no perman-

ent water supply on the lands east of the creek except the creek; that the 47½ acres of said land lying west of the creek on which appellants pastured their cattle was fenced off from the creek so that the cattle could not drink the waters thereof, but the damages for the cost of fencing this land is not involved in this suit; ■■ ■ that the land lying east of the creek, according to the testimony of Mr. Aaron, one of the appellees, had a rental value of $10.00 per acre per annum for pasture purposes with the creek polluted, but this testimony was not otherwise developed as to what would be the rental value of the land without pollution of the stream — and it may be said that this testimony is of little or no value since the pollution of the stream was not related by proof to the rental value of that part of the land; that the cattle maintained on the land west of the creek were watered by a well with electric pump forcing the water to the water trough, but the exact cost of the operation of this pump is not shown.

■■ ■ No permanent damage to appellees' land was shown by the evidence. Under the rule laid down in Southland Co. v. Aaron, supra, the measure of damages, in the absence of proof of permanent damage to the land, was the depreciation in the rental value, or the depreciation in the value of the use of the land during the period covered by the suit, in this case from February 27, 1953, to February 26, 1954, and such special damages as the plaintiff may have been able to prove. ■■ ■ The proof in the present case was sufficient to show actual temporary damage to appellees' land, but was not sufficiently developed to have justified the verdict for $500 unless punitive damages were allowable, a question which we will presently discuss.

■■ ■ It is contended that the proof does not support a judgment for actual damages, and that nominal damages only were shown by the evidence. We are unable to agree that the proof did not show actual damages to appellees. Nominal damages are usually considered as

a small and trivial sum awarded for a technical injury due to a violation of some legal right, and as a consequence of which some damages must be awarded to determine the right. 25 C. J. S., Damages, par. 2. ■■ ■ In this case nominal damages only would be allowable if the proof had shown nothing more than the pollution of the stream through appellees' land. ■■ ■ On the other hand "actual damages" is synonymous with "compensatory damages" and are substantial as distinguished from nominal. Ibid. ■■ ■ We hold that the proof in this case exceeded bare nominal damages, even though the value of actual damages may be small in amount, measured by the proof. We are of the opinion that the court properly refused the instruction requested by the appellants limiting the recovery to nominal damages, especially in view of the issue of punitive damages.

■■ ■ Appellants assign as error the admission of evidence of damage to the lands lying west of the creek. A careful reading of the declaration seems to be sufficient to embrace damages to lands west of the creek. There is no merit in this contention.

■■ ■ It is contended that the lower court erred in submitting the issue of punitive damages to the jury, and cite McCain v. Cochran, 153 Miss. 237, 120 So. 823. The McCain case held that where punitive damages are predicated upon actual damages, if no actual damages are allowed, punitive damages are not recoverable. That case is not applicable here, for we have already observed that some actual damages were suffered by appellees. We do not intend to infer that in a case of this kind punitive damages could not be recovered where no actual damages are proven, since that question is not presented and it is not necessary for us to consider it. The proof in this case shows that the appellants had ample actual notice of the pollution prior to the date of this suit, and the judgment in the first suit was rendered February 27, 1953; that appellants willfully continued to pollute the stream up to the date of the trial in the present suit. The

proof shows that some additional vats or ponds were constructed in an attempt to control the escape of petroleum products from the appellant's premises into the creek, but these efforts were insufficient to accomplish the control of the substances, and the refuse continued to pollute the stream through appellees' land. In 66 C. J. S., Nuisances, Sec. 78, p. 981, it is said: "In a second action for the continuance of a nuisance plaintiff is entitled to such punitive damages as will compel defendant to abate the nuisance." We think that the issue of punitive damages was properly submitted to the jury.

This suit was filed August 6, 1953, and demanded damages from February 27, 1953 "to date." No amendment was requested by plaintiff to include the period from the filing of the suit to the date of the trial. Over the objection of appellants the lower court admitted evidence both as to the continuance of the nuisance and damages covering the period from the filing of the suit to the date of trial. This was error absent a proper amendment to the declaration. But the evidence of actual damages during the stated period would not have justified the jury in assessing any substantial amount for that period since the money value of such damages was not sufficiently developed for the jury to have done so. We must assume that the jury assessed the larger amount of the $500 verdict as punitive damages. Consequently, we hold that the error in this case, under the particular circumstances revealed by the record, was harmless. Moreover, since the affirmance of this judgment will be res judicata for all damages to appellees' land covering the period February 27, 1953 to February 26, 1954, we are of the opinion that appellants have gained an advantage by reason of the error. We would not be justified in reversing the case on this ground. Under different circumstances, as, for instance, where the defendant was prejudiced by the admission of evidence covering such period, it would constitute reversible error.

Complaint is made of numerous instructions granted appellees. We have carefully considered all the instructions together and we find no reversible error. All of the several errors assigned and not discussed in this opinion have been carefully considered and we are of the opinion that no reversible error appears in the record.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.