**DENTON PUBLISHING COMPANY,**
Appellant,

v.

**D. B. BOYD, Appellee.**

No. 17058.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 31, 1969.

Rehearing Denied Dec. 12, 1969.

---

Minor & Knight, Denton, Brown, Herman, Scott, Young & Dean, and A. M. Herman and J. Shelby Sharpe, Fort Worth, for appellant.

Coleman, Whitten & Philips, and William P. Philips, Jr., Denton, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from a judgment awarding damages to plaintiff D. B. Boyd against defendant Denton Publishing Company based upon a libelous article on October 11, 1967 in the Denton Record-Chronicle, a newspaper published by the defendant.

On page one of the newspaper was printed the story written by defendant's reporter assigned to cover meetings of Denton City Council. The article related to such a meeting. In the twelfth paragraph thereof was begun the report on the complaints of citizens appearing before the Council relative to paving. We copy the same, along with the paragraph following:

"A group of citizens from the Sequoia Park subdivision, represented by Eugene Wright, asked the council if the streets in the subdivision could be paved. *The developer of the area, D. B. Boyd, declared bankruptcy* and didn't pave a total of 901 running feet of streets in the area. (Emphasis supplied.)

"The group maintains that the city was negligent in allowing Boyd to build houses in the area when all of the streets weren't built first—a requirement of the city's subdivision rules."

Plaintiff's suit was filed and citation served therein on the afternoon following publication. The same day the defendant caused a retraction to be printed in the Denton Record-Chronicle. It is undisputed that plaintiff had been neither a voluntary nor involuntary bankrupt. Neither had any attempt ever been made to have him so declared.

From the record made on trial it appears that Eugene Wright, in his presentation made in behalf of the group of citizens, made statements to the effect that the developer of the subdivision had declared bankruptcy. The reporter made inquiry of one of the officials of the city who was present as to the identity of the developer in question and was informed that it was the defendant. Hence the use of the defendant's name in the newspaper article from which we have quoted.

■ The statement relative to the defendant's bankruptcy, as made in the newspaper article, was in the form of a statement made by the defendant rather than as a report of a statement made by Eugene Wright or other person. The language was not ambiguous and the facts and circumstances surrounding the publication are undisputed. Under the circumstances it was for the court to determine whether or not the defamation contained therein was privileged under Vernon's Ann.Tex.St., Title 88, "Libel", Art. 5432, "Privileged matters". Fitzjarrald v. Panhandle Pub. Co., 149 Tex. 87, 228 S.W.2d 499, 505 (1950).

■ A basis of the defendant's contentions in the trial court, and here on appeal is that the article was a fair, true and impartial report of a regular, public meeting of the Denton City Council and that under the provisions of the aforementioned Article (V.A.T.S., Art. 5432) the statements made therein were privileged and, perforce the statutory provisions, could not be made the basis of an action for libel. We have examined the particular statement in the article relative to the plaintiff having de-

clared bankruptcy. Having applied the tests indicated by Art. 5432 to such we have arrived at the conclusion that it was not privileged and that the trial court did not err in its holding to like effect. The fact that the statement in question was made within the body of a greater mass of reported matter, all the rest of which would properly be deemed privileged under the same tests, is immaterial and without relevance to the language therefrom made the basis of plaintiff's complaint. We do not mean to say that the defamatory statement is to be considered separate and apart from its setting and the entire news item, rather do we mean to say that though such be done it nevertheless is apparent that the particular part complained of continued as libelous. Times Pub. Co. v. Ray, 1 S.W.2d 471, 475 (Eastland Civ.App., 1927, affirmed at Tex.Com.App., 12 S.W.2d 165).

Having established that the defendant's publication was not privileged, and it being undisputed that he was a merchant, the plaintiff was relieved of the burden to prove that the defendant's statement was actuated by malice. Since plaintiff was falsely charged as having taken or been cast in bankruptcy the statement made in defendant's publication was libelous *per se*. 36 Tex.Jur. p. 299, "Libel and Slander", Sec. 17, "Impugning financial responsibility". In such instances damages are collectible as the right to such, because of unprivileged libelous utterances, follows as a matter of law. At least nominal damages must be awarded. Of course, plaintiff would further be entitled to recover such actual damages as might be shown to be the proximate result of the publication though not damages which would be speculative or remote. Cotulla v. Kerr, 74 Tex. 89, 11 S.W. 1058 (1889); 36 Tex.Jur.2d, p. 391, "Libel and Slander", Sec. 93, "(Damages) In general", and p. 394, Sec. 94, "General and special damages". In this connection it is observable from the record that plaintiff introduced evidence upon damages, both general and special, and there is no attack made upon the amount of damages awarded. Exemplary damages were not involved.

By what we have written we have necessarily covered all the matters presented by points of error though the points were not individually discussed. They have all been considered and are severally overruled.

Judgment is affirmed.