(592 P.2d 477)

No. 49,755

E. Dean Kraisinger, Carl Buck, Harold Kolb, James Kolb, Steven Crockett, and Mike Goddard, *Appellants,* v. Byron T. Liggett, M.D., *Appellee.*

Petition for review denied May 11, 1979.

Opinion filed March 30, 1979.

*Christopher Randall,* of Turner and Boisseau, Chartered, of Great Bend, for appellants.

*Patrick F. Kelly,* of Patrick F. Kelly, P.A., of Wichita, for appellee.

Before Foth, C.J., Abbott and Meyer, JJ.

Abbott, J.: This is an appeal by the plaintiffs in a defamation case from a jury verdict which found for them but which did not award either compensatory or punitive damages to any of them.

The defendant, Byron T. Liggett, is a medical doctor who specializes in neurology, and who was employed part-time as a consultant at Larned State Hospital. While so employed, an inmate from the Kansas penal system who was exhibiting signs of paranoia and schizophrenia was transferred to Larned State Hospital and placed under the care of Dr. Liggett. The patient's condition deteriorated and he was placed in isolation. On the evening of June 12, 1975, one of the other doctors prescribed a

thorazine shot for the patient. Because of the patient's violent nature and his delusion that the shots were poison, six aides were required to restrain him for the injection. The six aides involved are the plaintiffs in this action.

Later that same evening, the patient was found dead in his room. An autopsy was performed, with the death being attributed to coronary artery disease. The plaintiffs instituted this action for defamation, alleging Dr. Liggett orally communicated to other persons that the patient had been murdered and that he thought the aides had committed the murder. Dr. Liggett denied making any statements which either expressly or implicitly accused the plaintiffs of murdering the patient.

The trial court instructed the jury that the words allegedly communicated concerning the plaintiffs were defamatory, and if it found the words were stated and communicated by the defendant, "[Y]ou *should* award damages to each of the plaintiffs . . . ." (Emphasis supplied.) Plaintiffs specifically objected to the instruction and requested that the jury be instructed that it *must* award damages.

During its deliberation, the jury sent a note to the court with the following question: "Can the jury rule in favor of the plaintiffs but not award damages?" After considering suggestions and objections from counsel as to how the question should be answered, the court resolved the issue by writing "Yes" on the note and returning it to the jury. The jury returned a verdict for the plaintiffs without awarding either compensatory or punitive damages to any of them.

Plaintiffs contend that the trial court erred as a matter of law when it responded to the jury's inquiry concerning damages, and even contradicted its own instruction that the jury should award damages if it found defendant had stated and communicated the words. As the court had determined the words were slanderous per se, and the jury verdict furnishes at least an inference that it found defendant did state and communicate the words, plaintiffs reason that the jury had to award at least nominal damages and the trial court's response to the contrary clearly had an effect on the result. We agree.

The law in Kansas is well established that the determination of whether a statement is libelous or slanderous per se is a question of law for the trial court to determine. *Local Union No. 795 v.*

*Kansans for the Right to Work,* 189 Kan. 115, 368 P.2d 308 (1962). In order to receive such treatment, a defamatory statement must fall into one of four categories, namely: (1) Imputation of a crime; (2) imputation of a loathsome disease (usually venereal); (3) imputation of a person's unfitness for his trade or profession; or (4) imputation that a woman is unchaste. *Bradshaw v. Swagerty,* 1 Kan. App. 2d 213, 563 P.2d 511 (1977). Words charging a person with any felony are slanderous per se. *Koontz v. Weide,* 111 Kan. 709, 208 Pac. 651 (1922). Here, the trial court apparently determined that as the alleged remarks involved an imputation that the plaintiffs had murdered the patient while they were working as aides at the hospital, the test for slander per se was met under either number (1) or number (3). Neither plaintiffs nor defendant now seek to quarrel with this determination.

Plaintiffs do assert it was error for the trial judge to have instructed the jury that it *should* award damages rather than that it *must* award damages. Although modified by the trial court to cover multiple plaintiffs, the sentence in question is endorsed by PIK Civ. 2d 14.52 (1978). In addition, Webster's Third New International Dictionary (1976) defines the word in part as involving duty, obligation or necessity. We are of the opinion the instruction given was correct. The error was in answering the jury question by merely stating, "Yes."

Words which are slanderous per se are conclusively presumed to result in damages. *Karrigan v. Valentine,* 184 Kan. 783, 339 P.2d 52 (1959); *Koerner v. Lawler,* 180 Kan. 318, 304 P.2d 926 (1956); *Miles v. Harrington,* 8 Kan. 425 (1871). "They are words from which damage, by consent of men generally, flows as a natural consequence." *Sweaney v. United Loan & Finance Co.,* 205 Kan. 66, 71, 468 P.2d 124 (1970).

When libel or slander per se is involved, a right to damages exists as a matter of law, even though the damages may be only nominal. *Walrus Manufacturing Co. v. Excel Metal Cabinet Co.,* 161 F. Supp. 840 (W.D.N.Y. 1957); *Di Giorgio Fruit Corp. v. AFL-CIO,* 215 Cal. App. 2d 560, 30 Cal. Rptr. 350 (1963); *Miles v. Harrington,* 8 Kan. at 430; *Hutchens v. Kuker,* 168 Neb. 451, 96 N.W.2d 228 (1959); *Denton Publishing Company v. Boyd,* 448 S.W.2d 145 (Tex. Civ. App. 1969); *Lawrence v. Jewell Companies, Inc.,* 53 Wis. 2d 656, 193 N.W.2d 695 (1972). See also 50 Am. Jur. 2d, Libel and Slander § 349; 53 C.J.S., Libel and Slander

§ 240; Prosser on Torts (4th ed. 1971) § 112, p. 754; Restatement (Second) of Torts § 620 (1977). And, if in such a case the jury is instructed that it need not award damages even if it finds for plaintiff, such an instruction has been held to be reversible error. *Slaughter v. Valleydale Packers,* 198 Va. 339, 94 S.E.2d 260 (1956).

The jury did not award exemplary damages. Whether exemplary damages should be allowed or not is a question for the jury. *Miles v. Harrington,* 8 Kan. at 430. In addition, the plaintiff has the burden of proving any special damages claimed were the consequence of the defamatory words. *DeLashmitt v. Journal Pub. Co.,* 166 Or. 650, 114 P.2d 1018, 135 A.L.R. 1175 (1941); *M. Rosenberg & Sons v. Craft,* 182 Va. 512, 29 S.E.2d 375, 151 A.L.R. 1095 (1944). The jury obviously determined that plaintiffs failed to sustain that burden. The jury may well have chosen to believe that defendant did not make all of the statements attributed to him and that the statements he communicated caused no special damages. However, the jury had a duty to award nominal damages and the trial court erred in instructing it otherwise. While nominal damages are awarded without proof of actual injury, they imply the smallest appreciable quantity (*The Southland Co. v. Aaron,* 224 Miss. 780, 80 So.2d 823 [1955]; *Moyer v. Cordell,* 204 Okla. 255, 228 P.2d 645 [1951]), with one dollar being the amount frequently awarded. The law, however, does not concern itself with trifles (*de minimis non curat lex*), and a judgment for plaintiff will not be reversed on appeal for a failure to award nominal damages, even though plaintiff is entitled to recover nominal damages as a matter of law. *Craig v. St. Louis-S.F. Rly. Co.,* 120 Kan. 427, 243 Pac. 1050 (1926); *Noll v. Ellerman,* 96 Kan. 675, 153 Pac. 492 (1915); *Fisk v. Neptune,* 96 Kan. 16, 149 Pac. 692 (1915); *Hickman v. Richardson,* 92 Kan. 716, 142 Pac. 964 (1914); *Benfield v. Croson,* 90 Kan. 661, 136 Pac. 262 (1913); *State v. Kelly,* 78 Kan. 42, 96 Pac. 40 (1908); *Shelton v. Bornt,* 77 Kan. 1, 93 Pac. 341 (1908); *Cook v. Smith,* 67 Kan. 53, 72 Pac. 524 (1903); *Foxx v. Williams,* 244 Cal. App. 2d 223, 52 Cal. Rptr. 896 (1966); *Sessa v. Gigliotti,* 165 Conn. 620, 345 A.2d 45 (1973); *Weaver v. Pacific Finance Loans,* 94 Idaho 345, 487 P.2d 939 (1971); *Fechtner v. Lake County Savings & Loan,* 33 Ill. App. 3d 307, 337 N.E.2d 193 (1975); *Tracy v. Hacket,* 19 Ind. App. 133, 49

N.E. 185 (1898); *Sebring v. Underhill,* 127 Misc. 671, 217 N.Y.S. 354 (1926).

Affirmed.