GILLESPIE, Presiding Justice.
Mr. and Mrs. J. C. Lee sued Larco Drilling Corporation and its foreman, Willie Hopkins, in the Circuit Court of Forrest County for damages alleged to have resulted from the drilling of a gas well on plaintiffs’ land. The trial resulted in a jury verdict for plaintiffs in the sum of $2,500. Judgment was entered accordingly, and defendants appealed.
The declaration alleged that defendants erected a drilling rig and drilled a gas well on plaintiffs’ property and in the drilling process Larco negligently destroyed a building site where plaintiffs proposed to build a home. In addition, Larco negligently allowed salt water, slush, lime and other substances to flow into a pond on plaintiffs’ land causing the water to be unfit for cattle and killing the fish in the pond.
The title to the property involved is in Mrs. J. C. Lee, Jr. It consists of a ten acre tract with no improvements thereon except some shrubbery which Mr. Lee said he planted on the proposed home site. The defendants denied the well was drilled on plaintiffs’ land. The proof is not clear where the well site was with reference to plaintiffs’ land. The Sun Oil Company, for whom Larco drilled the well, had oil and gas leases on all the lands in the area, including plaintiffs’ ten-acre tract. Plaintiffs owned only the surface. The mineral estate had been severed before the land was deeded to Mrs. Lee in 1954. Some years before the well was drilled, a pond was constructed by Mr. Lee near the drilling site. This pond is located at least partly on plaintiffs’ ten-acre tract.
We find it unnecessary to determine whether any part of the well site was on plaintiffs’ land. In any event Sun Oil Company had an oil and gas lease on all of the well site and had a right to use as much of the surface as was reasonably necessary to exercise its right to explore for and extract oil and gas. Central Oil Co. v. Shows, 246 Miss. 300, 149 So.2d 306 (1963). Plaintiffs offered no evidence that more land was used than was reasonably necessary for purposes of drilling the well, or that the defendants were negligent in preparing the well site.
The only proof in this case that tended to establish liability against Larco was that about the time the drilling was completed, an undetermined amount of oily, muddy substance ran into the pond and killed some fish. The jury could find that this substance came from the slush pit, but there was no testimony showing the extent of plaintiffs’ damages as a result of killing the fish. There was no evidence that the damage to the pond was permanent. There was no testimony of the kind, quality, quantity, or value of the fish. It was not shown that any cattle were kept on the property.
There was no evidence showing that plaintiffs suffered damages in the amount of the jury verdict of $2,500 or any other sum except a nominal amount. We follow what the court did in Shows and re *636 verse the judgment and enter judgment here for nominal damages in the sum of $50.
Reversed, judgment vacated and judgment entered here for nominal damages.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.