215 So.2d 426 (1968)
Harmon S. BLUE
v.
CHARLES F. HAYES & ASSOCIATES, INC.
No. 45025.
Supreme Court of Mississippi.
November 4, 1968.
*427 Henry S. Davis, Jr., A.S. Scott, Jr., Laurel, for appellant.
Boyd, Holifield & Harper, Laurel, for appellee.
RODGERS, Justice:
The appellant filed this suit in the Circuit Court of the Second Judicial District of Jones County, Mississippi against Chas. F. Hayes & Associates, Inc., a domestic corporation, for property damages. The trial judge sustained the demurrer to the declaration, and upon refusal of the plaintiff to amend his declaration, the Circuit Court entered a final judgment in favor of the defendants.
The declaration alleges that the plaintiff is the owner of certain described lands lying in the Pool Creek Oil Field and that the defendant is the owner of the oil and minerals lying under this real property. It admits that the plaintiff and his wife gave a lease to the defendant in which it was agreed that the consideration therein mentioned "covers all damages that have been occasioned by the drilling, or which might occur, to 5.04 acres described in this lease."
The declaration alleges that the defendant dug an oil well known as Blue # 1 on the property, and in so doing "the defendants caused a slush pit to be constructed and used adjacent to that well * * *. [T]he slush pit was full to the brim when defendants abandoned Blue # 1 and started on Blue # 2. When we say full, we mean by that: salt water and other contaminating matter connected with the oil well drilling industry. Drilling muds, acids, refuse, lye, lime and other alkalines. And organic matter with its pungent and offensive odors, composed of carbons, oxygen and hydrogens all massed together."
*428 The declaration alleges also that this pit embankment broke, permitting this harmful matter to "flow unimpeded over the large part of lands owned in the adjoing [sic] forty. Lands owned by plaintiff in BW 1/4 [sic] of SE 1/4. A six acre pond was engulfed and the sediment from defendants [sic] prosperous oil wells were there placed on the bed of this pond."
The appellant also alleged in his declaration that his pasture was covered so that "they can't walk in their pasture without stepping into piles of accumulated drilling oils and muds. This is more than a nuisance. It is an inconvenience and deprivation of plaintiff's property rights without compensation. The plaintiffs [sic] has been annoyed and almost made sick as a consequence of the trespass described above."
The declaration also contends that "the dam broke and the contents of the pit cascaded over the lands of plaintiff. * * Lands that defendants had no right at all to invade or contaminate. We do not claim negligence. We claim an invasion."
The sole issue in this case is whether or not the appellant alleged a cause of action in his declaration. We are of the opinion that the appellant did state a cause of action and that the demurrer should have been overruled.
It has been said by the textwriter in 4 Summers, Oil and Gas section 655 (1962) that:
"Where the action by a surface owner is against the oil and gas operator of neighboring lands, the liability of the operator may be founded upon one of several theories. Such liability may be based upon nuisance, the dangerous agency doctrine of Rylands v. Fletcher [(1868) L.R. 3 H.L. 330], statutes making the escape of salt water and other refuse from oil and gas drilling operations over the surface of the land of others or into natural streams a penal offense and a public nuisance, and negligence."
This textwriter also goes on to point out that the operators of oil wells have contended that the adjacent landowners have no legal rights. This contention is based upon the theory that each landowner is privileged to use his land for development of natural resources as long as he does so in a careful manner, and that the injuries suffered by adjacent owners are damnum absque injuria. The textwriter says that such contention is squarely contrary to the fundamental principle of law of property and land, because each landowner is privileged to use his land but not without regard to the rights of other landowners and the rights of the public. When one makes such a use of his own land so as to unreasonably interfere with the rights of his neighbors in the exercise of their privileges or use of their lands, and when appreciable or actual damage is shown, he should be made to pay damages or cease such use.
It has been generally recognized, not only in this state, but as the general rule of law, that the owner and operator of oil and gas wells are liable for injuries to land or property of another caused by oil, salt water, or the like, flowing from wells into such lands or into a stream which runs along or through the land. The lessee in an oil and gas lease has the right to use as much of the surface of the land embraced in his lease as is reasonably necessary for the operation of his oil well. This liability to the owner of the land for injuries to his property is limited to the flowing of oil, salt water or the like from the well or pits into parts of land not essential to the operation of the well. Annot., 19 A.L.R.2d 1025 (1951). In the instant case the appellant has sued for trespass upon his property other than that under the lease contract on which the well was drilled.
Under the foregoing doctrine suit may be instituted for nuisance or negligence *429 in the digging of the well. The courts have recognized that there is a distinction between a nuisance and trespass.[1] It is said in 39 Am.Jur. Nuisances § 3 (1942):
"There is a distinction between a nuisance and a trespass, although many things are sometimes called nuisances which are mere trespasses, and it has been said that an action for a nuisance which violates a property right incident to the ownership of land is in the nature of one for trespass to realty. The difference is that a nuisance consists of use of one's own property in such a manner as to cause injury to the property or other right or interest of another and generally results from the commission of an act beyond the limits of the property affected, while a trespass is a direct infringement of another's right of property. Thus, where there is no actual physical invasion of the plaintiff's property, the cause of action is for nuisance rather than trespass."
This Court has held in several cases that an oil drilling contractor or the owner of a mineral estate is liable for permitting waste to flow upon the lands of another upon the theory of nuisance.[2]
We have also held that the oil company or contractor is liable for negligence in construction and maintenance of the slush pit for damages resulting from the escape of caustic substances on the lands of adjacent landowners.[3]
In the case of Central Oil Company v. Shows, 246 Miss. 300, 310, 149 So.2d 306, 311 (1963), this Court quoted from 39 Am. Jur. Nuisances § 142 (1942), wherein it is said:
"The declaration of complaint in an action for damages for a nuisance must allege facts sufficient to state a cause of action in conformity to the general rules of pleading. It must show the existence of a nuisance, but it is not necessary to use the word `nuisance' if the facts alleged disclose a nuisance."
It is necessary only that the declaration filed in the circuit court in this state allege a cause of action in ordinary and concise language.
Mississippi Code 1942 Annotated section 1464 (1956) is in the following language:
"The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintain any action that the form thereof should have been different."
We hold, therefore, that the demurrer filed in the instant case should have been overruled, and for that reason the judgment of the trial court will be reversed, the cause of action reinstated, and the case remanded for further proceedings in the Circuit Court.
Reversed and remanded.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.
NOTES
[1] Prosser, Law of Torts § 90, Private Nuisance, Distinguished from Trespass, p. 614 (3d ed. 1964).
[2] Love Petroleum Co. v. Jones, 205 So.2d 274 (Miss. 1967); Central Oil Co. v. Shows, 246 Miss. 300, 149 So.2d 306 (1963); Southland Co. v. Aaron, 224 Miss. 780, 80 So.2d 823 (1955); Southland Co. v. Aaron, 221 Miss. 59, 72 So.2d 161, 49 A.L.R.2d 243 (1954).
[3] Dapsco, Inc. v. Reynolds, 254 Miss. 111, 180 So.2d 319 (1965); Jett Drilling Co. v. Jones, 251 Miss. 332, 169 So.2d 463 (1964); Broadhead v. Gatlin, 243 Miss. 386, 137 So.2d 909 (1962); Magnolia Petroleum Co. v. Stinson, 230 Miss. 533, 93 So.2d 815 (1957); Gulf Refining Co. v. Davis, 224 Miss. 464, 80 So.2d 467 (1955); Larco Drilling Corp. v. Lee, 207 So.2d 634 (Miss. 1968).