217 So.2d 17 (1968)
PLACID OIL COMPANY
v.
Lawrence BYRD.
No. 45069.
Supreme Court of Mississippi.
November 25, 1968.
Rehearing Denied January 13, 1969.
Boyd, Holifield & Harper, Laurel, for appellant.
Walker & Sullivan, Laurel, for appellee.
JONES, Justice:
Appellee sued appellant in the Circuit Court of the Second Judicial District of Jones County, seeking damages for injuries to the surface of lands owned by appellee, and on which appellant operated an oil well. A judgment for $1,360 was recovered and this appeal follows.
The declaration charged appellee was owner of the surface of the lands where appellant was operating, and appellant the owner of minerals thereunder, as well as the operator for other mineral owners; that an oil well was drilled and operated on said lands from which the alleged damages resulted.
Among other errors, there is assigned the fact that the court refused an instruction that no damages could be awarded for trespass. Appellee cross-appealed, assigning as error the giving of an instruction that punitive damages could not be awarded.
It is not necessary to discuss other errors assigned for these two bring into view that which necessitates a reversal.
The case was filed and tried by appellee on the grounds of trespass and nuisance. Appellee's instructions were based upon that theory and none submitted to the jury the question of appellant's negligence, if any, in its operations, but rather made liability absolute, if certain matters occurred.
Appellee bases his case of trespass and nuisance under, Southland Co. v. Aaron, 221 Miss. 59, 72 So.2d 161, 49 A.L.R.2d 243 (1954); Southland Co. v. Aaron, 224 Miss. *18 780, 80 So.2d 823 (1955); and Love Petroleum Co. v. Jones, 205 So.2d 274 (Miss. 1967). There can be added to these cases that of Richardson v. Byrd et ux. (November 4, 1968), 215 So.2d 424, decided by this Court. These cases however are not applicable here.
In Southland, appellant was operating a refinery and operated in such a manner as to permit refuse to escape therefrom and flow into a creek which crossed appellee's land. The refinery had no title or interest in the lands of the appellee. Appellee owned lands close enough to the refinery that when refuse entered the creek, it would flow down through the lands of the appellee.
In the Love Petroleum case, appellee owned a 900-acre farm through which a creek ran, but on which the well in question was not situated. In other words, the oil well was situated on one tract of land in which the appellee had no interest, and as in Southland, refuse was permitted to escape, run into a creek, and by means of the creek through and across the lands of the appellee.
Richardson, above mentioned, and not yet reported, involved a similar situation; that is, damage to land near to, but not part of, that covered by the operator's lease or mineral interest.
Here we have a case where appellee owns the surface of the land and Placid, by the ownership of minerals and as operator for other mineral owners, had the right and privilege to enter upon said lands and there drill a well. It committed no trespass in entering upon said lands, but by its mineral and lease rights was entitled to so enter. In this situation each party is charged with the duty of exercising a due regard for the rights of the other. The operator having exclusive right to mine is not liable for damages resulting in ordinary operations. Where the action is by a surface owner against a well and gas operator of the same land, the liability is based upon the negligence of the operator. 4 Summers Oil and Gas § 655 (1962). This is the rule that has been adopted in this State, and the gauge by which negligence is to be determined is the Prudent Operator Test. See Sun Oil Co. v. Nunnery, 251 Miss. 631, 170 So.2d 24 (1964); Cities Service Oil Co. v. Corley, 197 So.2d 244 (Miss. 1967); Southwest Gas Producing Co. v. Seale, 191 So.2d 115 (Miss. 1966).
The action of the trial court in refusing the instruction allowing the jury to return a verdict for punitive damages is affirmed on cross-appeal; on direct-appeal, the case is reversed and remanded for a new trial in accordance with the cases hereinbefore mentioned.
Affirmed on cross-appeal, and on direct-appeal, reversed and remanded.
ETHRIDGE, C.J., and BRADY, INZER, and SMITH, JJ., concur.