233 So.2d 127 (1970)
CHARLES F. HAYES & ASSOCIATES, INC.
v.
Harmon S. BLUE.
No. 45690.
Supreme Court of Mississippi.
March 16, 1970.
*128 Boyd, Holifield & Harper, Laurel, for appellant.
A.S. Scott, Jr., Laurel, for appellee.
RODGERS, Justice.
This appeal arises from an action in nuisance in the Circuit Court of the Second Judicial District of Jones County, Mississippi, for alleged damages sustained by appellee, Harmon S. Blue, through the breaking of the wall of a slush pit used in connection with the drilling and operation of an oil well on property, the surface of which was owned by appellee. The defendant below appeals from a jury verdict for plaintiff-appellee in the sum of $3,000.
No brief or other matter relating to the cause has been filed by the appellee in this case, though appellant filed a brief and certified that a true copy of the same was mailed, postage prepaid, United States mail, to the attorney for appellee on the 5th day of September, 1969. However, appellee's attorney has appeared and argued this case.
We have studiously considered the brief of the appellant, as well as the record, and we cannot affirm this case. We are of the opinion that this case is controlled by U.S. Fidelity & Guaranty Company, et al. v. State of Mississippi for the Use and Benefit of Tompkins, 204 So.2d 852 (Miss. 1967), wherein we held:
"`The failure to file this brief (by the appellee) is tantamount to a confession of error, and will be accepted as such, and the judgment of the court below will be reversed, since an answer to the appellant's brief cannot be safely made by us, without our doing that which the appellee, by its attorney, should have done, i.e., brief the appellee's side of the case. This we are not called on to do, therefore the case falls within, and is governed by, W.T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527.'" (204 So.2d at 852, 853).
Moreover, this is the second appeal of this case to this Court. See: Blue v. Charles F. Hayes & Associates, Inc., 215 So.2d 426 (Miss. 1968). In the first case we were of the opinion that the trial court should not have sustained a demurrer for the defendants. We differentiated between actions based upon negligence, trespass and nuisance. In Placid Oil Company v. Byrd, 217 So.2d 17 (Miss. 1968), at page 18, we said that, where the minerals are owned by persons with the right of ingress other than the surface owners of land, "* * * In this situation each party is charged with the duty of exercising a due regard for the rights of the other. * * *" We have also pointed out that the oil company, lessee, had a right to go upon the land for all reasonable purposes to explore and drill for oil and gas (Sun Oil Company v. Nunnery, 251 Miss. 631, 170 So.2d 24 [1964]) and may use as much of the surface as is reasonably necessary to exercise its rights (Larco Drilling Corp. v. Lee, 207 So.2d 634 [Miss. 1968]), but it cannot intentionally or negligently damage or use more of the land surface than is reasonably necessary in its mining operation. We were, therefore, of the opinion that the issue as to whether or not the defendant acted "with due regard for the rights of the surface owner" was an issue on which evidence should have been taken.
The evidence has been taken and the plaintiff has failed to prove that the defendant was guilty of trespass or nuisance, and plaintiff conceded there was no negligence involved. The trial court should have directed the jury to find for the defendant after all the evidence was introduced.
We hold, therefore, that the judgment of the trial court is hereby reversed and rendered in favor of the appellant, Charles F. Hayes & Associates, Inc.
Reversed and rendered in favor of appellant.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.