(834 P.2d 391)

No. 67,168

DR. RONALD J. ZOELLER, *Appellant*, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY and JERRY MCGUIRE, *Appellees*.

Opinion filed July 17, 1992.

*Steven M. Dickson*, of Dickson & Pope, P.A., and *Pedro L. Irigonegaray*, of Irigonegaray & Associates, of Topeka, for appellant.

*N. Jack Brown*, of Boddington & Brown, Chartered, of Kansas City, for appellee American Family Mutual Insurance Company.

*J. Franklin Hummer* and *Christopher M. Rohrer*, of Davis, Wright, Unrein, Hummer & McCallister, of Topeka, for appellee Jerry McGuire.

Before BRISCOE, C.J., BRAZIL and DAVIS, JJ.

DAVIS, J.: Dr. Ronald J. Zoeller appeals from summary judgment entered for American Family Insurance Company in this defamation case. The trial court ruled as a matter of law that in Kansas, a defamation action may not be supported by presumed damages but requires proof of actual damages. We affirm.

Plaintiff is a chiropractor. When the wife of one of his patients called American Family Insurance Company to inquire about payment of her husband's bill for services rendered by Dr. Zoeller, an adjustor for the company allegedly told her that chiropractors

are "quacks" and in regard to Dr. Zoeller's office, stated, "Well, those Jew son-of-a-bitches, they're the biggest quacks in town." He further stated, "They are outrageously priced, they charge more than anybody else." These statements form the basis of plaintiff's defamation action.

The trial court acknowledged that at common law the allegations contained in the plaintiff's action constituted slander per se involving words from which damages were conclusively presumed to result. Thus, at common law, plaintiff need not allege or prove actual damages to support his action. The trial court held as a matter of law that Kansas no longer follows the common law and that plaintiff must establish proof of damages.

The question before this court is whether Kansas has abolished presumed damages in defamation cases involving two private individuals. Before addressing the question, a brief review of the common-law rules concerning defamation is necessary.

"Defamation includes both libel and slander." *Gomez v. Hug,* 7 Kan. App. 2d 603, 611, 645 P.2d 916, *rev. denied,* 231 Kan. 800 (1982). At common law there are " 'two types of slander, slander per se and slander per quod.' " 7 Kan. App. 2d at 611.

" 'Words libelous *per se* are words which are defamatory in themselves and which intrinsically, by their very use, without innuendo and the aid of extrinsic proof, import injury and damage to the person concerning whom they were written. They are words from which, by the consent of mankind generally, damage follows as a natural consequence and from which malice is implied and damage is conclusively presumed to result. Where libel *per se* is claimed the question presented is whether the words on their face, without explanation or extrinsic proof, would necessarily, or as a natural and immediate consequence cause injury . . . . [Citations omitted.]

" 'Words libelous *per quod,* on the other hand, are words ordinarily not defamatory but which become actionable only when special damages are shown, that is, they are words the injurious character of which appears only in consequence of extrinsic facts. Thus, words not defamatory *per se,* may become actionable *per quod,* depending upon the facts and circumstances of the particular case, and this gives rise to the rule that in order to recover for a libel *per quod* special damage and injury must be alleged and proved. [Citations omitted.]' " 7 Kan. App. 2d at 611-12.

See *Kraisinger v. Liggett,* 3 Kan. App. 2d 235, 237, 592 P.2d 477, *rev. denied* 226 Kan. 792 (1979).

The trial court based its legal conclusion that plaintiff must prove damages on the case of *Gobin v. Globe Publishing Co.,*

232 Kan. 1, 649 P.2d 1239 (1982), referred to herein as *Gobin III*. The *Gobin* series of decisions by the Kansas Supreme Court involved a media defendant, Globe Publishing Company. Briefly, the plaintiff, Gary Dean Gobin, brought suit against Globe Publishing Company, publisher of the Dodge City Daily Globe, claiming that an article with pictures stating that he had pled guilty to a charge of cruelty to animals was false. Globe Publishing asserted that the publication was privileged and denied that the article contained any untrue statements.

*Gobin III* reiterated its holding in *Gobin v. Globe Publishing Co.*, 216 Kan. 223, 531 P.2d 76 (1975) *(Gobin I)*, stating:

"Prior to *Gertz [v. Robert Welch, Inc.*, 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997 (1974)], Kansas followed the common law rule dividing libel into libel per se and libel per quod. Libel per se involved words from which malice was implied and damage was conclusively presumed to result. General damages from such a publication arose by inference of law and the plaintiff was not obliged to establish damage by proof. [Citations omitted.] . . .

"*Gertz*, as we pointed out in *Gobin I*, effected an immediate change upon the rule in Kansas and in those other states which presumed damages upon the establishment of libel per se, and permitted recovery based upon that presumption. *Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel*." (Emphasis added.) 232 Kan. at 4-5.

*Gobin III* then states its conclusion on the issue decided:

"We conclude that in this state, damage to one's reputation is the essence and gravamen of an action for defamation. Unless injury to reputation is shown, plaintiff has not established a valid claim for defamation, by either libel or slander, under our law. It is reputation which is defamed, reputation which is injured, reputation which is protected by the laws of libel and slander.

". . . We agree with the New York rule that the plaintiff in an action for defamation must first offer proof of harm to reputation; any claim for mental anguish is 'parasitic,' and compensable only after damage to reputation has been established.

"During the trial of the action below, plaintiff offered no evidence of harm to his reputation, no evidence of damage by reason of injury to his reputation, no proof of financial loss flowing therefrom. He cannot recover in a defamation action for mental anguish in the absence of proof of the principal injury with which a defamation action is concerned—injury to reputation." 232 Kan. at 6-7.

Plaintiff argues that *Gertz* is limited to media defendants. As plaintiff points out, *Gertz* states through Justice Powell: "The

principal issue in this case is whether a newspaper or broadcaster that publishes defamatory falsehoods about an individual who is neither a public official nor a public figure may claim a constitutional privilege against liability for the injury inflicted by those statements." 418 U.S. at 332. "We hold that, so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual." 418 U.S. at 347.

According to plaintiff, *Gobin III* changed Kansas law only to the extent of requiring a private individual allegedly libeled by a media defendant to prove actual damages. Plaintiff argues that *Gobin III* did not address the question of whether between private individuals a plaintiff in a defamation case involving common-law slander per se must prove actual damages to reputation. Plaintiff correctly points out that as between private individuals "permitting recovery of presumed and punitive damages in defamation cases absent a showing of 'actual malice' does not violate the First Amendment when the defamatory statements do not involve matters of public concern." *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 763, 86 L. Ed. 2d 593, 105 S. Ct. 2939 (1985).

Nevertheless, defendants argue that *Gobin III* is unmistakably clear in its statement that "[d]amages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel." 232 Kan. at 5. In arriving at its decision, the trial court cites a Tenth Circuit Court of Appeals decision involving the precise issue we are now called upon to decide. In *Polson v. Davis*, 895 F.2d 705 (10th Cir. 1990), plaintiff was hired by the City of Kansas City, Kansas, to review employment applications and make recommendations to various city departments regarding which applicants were most suitable for their hiring needs. The working relationship between plaintiff and Davis, her immediate supervisor, gradually deteriorated until she was terminated. Plaintiff contended that the deterioration was caused by her continuing objections to the defendants' hiring policies, which she viewed as discriminatory. The defendants contended that plaintiff was abrasive and insubordinate. After plaintiff's termination, Davis made public that

plaintiff was terminated for "unprofessional conduct." 895 F.2d at 707.

Plaintiff argued that the trial court should have instructed the jury on the theory of defamation per se, which does not require proof of actual damages. The *Polson* court accepted the parties' agreement that the statements fell into the traditional defamation per se category and determined that the remaining issue was whether Kansas still recognized defamation per se as a separate type of defamation.

The Tenth Circuit Court of Appeals stated:

"It is true that Kansas once followed the common law in dividing defamation into two types: defamation per se and defamation per quod. *Gobin v. Globe Publishing Co.*, 232 Kan. 1, 649 P.2d 1239, 1242 (1982). Defamation per se which included, *inter alia*, statements that impugned the defamee's competence in her trade or profession, did not require proof of actual damages for a finding of liability. Instead, damage was presumed from the nature of the statement. *Polson*, 635 F. Supp. at 1147. On the other hand, defamation per quod required proof of actual damages for a finding of liability. The two parties do not dispute, as a matter of law, that the statements at issue here fall into the traditional defamation per se category. So the issue that remains is whether Kansas still recognizes defamation per se as a separate type of defamation.

"Plaintiff has failed to persuade us that the district court erred in its interpretation of Kansas law. In *Gobin*, the Kansas Supreme Court abolished the distinction between defamation per se and defamation per quod. Citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974), the court stated, 'Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel.' *Gobin*, 649 P.2d at 1242." 895 F.2d at 708.

The plaintiff argues that *Polson* does nothing more than quote *Gobin III* with no other analysis. Plaintiff argues that because *Gobin III* did not specifically abolish slander per se between private individuals and because the case of *Dun & Bradstreet* leaves this matter open for the states to decide without constitutional limitations, *Polson's* application and interpretation of Kansas law should be rejected. Plaintiff also contends that *Polson*, in discussing a more recent Kansas case decided after *Dun & Bradstreet*, fails to recognize that the matter remains open in Kansas. Plaintiff makes reference to the case of *Turner v. Halliburton*, 240 Kan. 1, 722 P.2d 1106 (1986).

In *Turner*, a prospective employer of Turner called his former employer to verify Turner's former employment and was told that Turner's work record had been satisfactory but that he was not subject to rehire because of stealing company property. Upon receipt of this information, Turner's application for employment was given no further consideration by the prospective employer. Turner filed the action, in part, for defamation against the former employer. On appeal, the issue was whether the former employer was entitled to prevail in the defamation action because it was privileged in its communication and there was no evidence of actual malice.

*Turner* held that a privilege existed between the former employer and the prospective employer and that because of the privilege, Turner was required to show actual malice by the former employer in order to recover. The court, based upon the entire record, then concluded that there was "no credible evidence to support a finding of actual malice upon the part of the [former employer]." 240 Kan. at 11. Justice Holmes, speaking for the majority, then stated:

"In view of the decision reached upon this issue, it is not necessary for us to consider the question of whether *Gobin v. Globe Publishing Co.*, 232 Kan. 1, requires actual proof of damage to reputation when defendant is not a member of the news media. That question must be left for another day." 240 Kan. at 11.

*Polson* suggests that the Kansas Supreme Court in *Turner* rejected the opportunity to incorporate the *Dun & Bradstreet* precedent into Kansas law, which was another indication that Kansas had chosen to banish presumed damages. While we agree that this position may be tenuous and further agree that, in dicta, the Supreme Court in *Turner* seems to open the door again on the question we face, we cannot ignore the unequivocal language in *Gobin III*. Nor can we ignore recent language from the Kansas Supreme Court in the case of *Knudsen v. Kansas Gas & Electric Co.*, 248 Kan. 469, 807 P.2d 71 (1991).

In *Knudsen*, plaintiff alleged on appeal that statements made by an employee of KG&E in an interoffice memo were slanderous per se. The court held that "Kansas no longer permitted recovery based upon the establishment of slander per se." 248 Kan. at 474. Yet, the case was ultimately decided on the basis of whether

plaintiff was a public figure. The language in *Knudsen* in 1991, after *Gertz, Gobin III, Dun & Bradstreet,* and· *Turner* is as follows:

"Kansas and other states previously followed the common-law rule dividing slander into slander per se and slander per quod. Slander per se involved words from which malice was implied and damage was conclusively presumed to result. General damages from such a publication arose by inference of law and the plaintiff was not obliged to establish damage by proof. After the United States Supreme Court decision in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997 (1974), Kansas no longer permitted recovery based upon the establishment of slander per se." 248 Kan. at 474.

Even if we were to conclude that the question presented has not been definitely decided by the Kansas Supreme Court, we believe that the language contained in *Gobin III* and *Knudsen* clearly indicates that if the court were faced. with this question, it would decide that Kansas no longer permits recovery based upon the establishment of slander per se. Like the trial court, we are of the opinion that in Kansas any plaintiff in a defamation action must allege and prove actual damages and may no longer rely on the theory of presumed damages.

Affirmed.