James B. JACKSON, Appellant,

v.

Byron SLOAN and American Family
Insurance, Respondents.

No. WD 52176.

Missouri Court of Appeals,
Western District.

July 30, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 1, 1996.

Application to Transfer Denied
Nov. 19, 1996.

Robert K. Ball, Kansas City, for appellant.

Dana M. Harris, Kansas City, for respondents.

Before HANNA, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This case involves an action for defamation which was dismissed at the circuit court for failure to state a claim upon which relief may be granted. This appeal challenges the dismissal of the case.

## FACTS

The appellant, James B. Jackson, is an attorney licensed to practice law in Missouri and Kansas. The respondent, Byron Sloan, is also an attorney licensed to practice law in Missouri and Kansas, working as in-house counsel for American Family Insurance Co. Inc., also named as a respondent. The underlying basis for this petition arose from a case tried in a district court in the State of Kansas in which Jackson represented the plaintiff and Sloan represented the defendant. During Sloan's closing statement, he made the following remarks:

And what did they do? What did they tell the Doctor? They lied to the doctor, ladies and gentleman. He was lied to about the use of her pain medication.

Throughout closing statement, Sloan used the word "they" although there was only one plaintiff. Jackson objected to the use of the words "lie" and "they," but both objections were overruled.

Jackson concludes that he was included in the word "they" and thus Sloan told the jury that Jackson was a liar. Jackson filed a petition alleging defamation against Sloan. The petition also sought to recover against American Family Insurance Co. alleging that Sloan was acting within the scope and course of his employment when he made these statements. Jackson's petition alleging defamation was dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

■ Our review is a determination of whether the facts pleaded and the inferences reasonably drawn therefrom state grounds for relief. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993). We take the petition's averments as true and construe them liberally in favor of the petitioner. *Id.*

■ Before we begin our review of the merits, we must address the conflicts of law issue. Jackson argues that we should apply the substantive law of Missouri while respondents argue that we should apply Kansas law.

■ We will apply the substantive law of the state with the most significant relationship to the issue presented in this case. *Thompson v. Crawford*, 833 S.W.2d 868, 870 (Mo. banc 1992), *citing* the Restatement (Second) of Conflict of Laws § 145 (1971). The Restatement lists several factors to be considered, but also states that the contacts with each state should be evaluated according to their relative importance with respect to the particular issue. *Id.* In this case, the most significant relationship is clearly with Kansas. Despite the numerous contacts the parties have with Missouri, the statements at issue were made in a Kansas courtroom. We find the determination of allegedly defamato-

ry remarks made by an attorney about an opposing attorney in a Kansas courtroom is most significantly related to the substantive law of Kansas.

■ We turn now to an application of Kansas defamation law to the facts of this case. The parties point us to *Sampson v. Rumsey,* 1 Kan.App.2d 191, 563 P.2d 506 (1977) as the most recent Kansas case to address allegedly defamatory statements made by an attorney during a closing statement. In *Sampson,* the Kansas court dismissed a petition for failure to state a claim brought against a prosecutor who called a witness a "liar" during closing statement. *Id.* 563 P.2d at 508. The court dismissed the petition because the attorney had an absolute privilege covering all communications having reference to the case, even though false and malicious. *Id.* 563 P.2d at 509; *see also Latimer v. Oyler,* 108 Kan. 476, 196 P. 610, 612 (1921). We conclude from *Sampson* that the absolute immunity, if applicable, is a basis for dismissing a petition for failure to state a claim upon which relief can be granted.

The statements in the present case constituted an argument to the jury that one of the witnesses at trial did not receive accurate information on which to base his testimony. If the jury chose to believe this argument, it could have inferred from the statement that either the plaintiff or Jackson did not provide the witness with the necessary information. It is conceivable that the jury could have further drawn the conclusion that the attorney lied to the witness. However, the statements that the witness was lied to were certainly made in reference to the credibility of the witness's testimony at trial and hence the statements were made in reference to the case. We therefore find that Sloan's statements were covered by the absolute immunity rule for statements made in judicial proceedings under Kansas law.

In so finding, we acknowledge that the *Sampson* court, in dicta, stated that the comments made by the attorney in that case did not charge improper conduct or impugn the integrity in the witness's profession or business. *Sampson,* 563 P.2d at 511. In the case before this court, the statements could

be taken to charge improper conduct or impugn the integrity of Jackson's legal practice. The dicta in *Sampson* is obviously a reference to slander per se, where special damages need not be proved. We find that this dicta was made irrelevant because a later Kansas court held that the doctrine of slander per se is not recognized under Kansas law. *Zoeller v. American Family Mutual Ins. Co.,* 17 Kan.App.2d 223, 834 P.2d 391, 395 (1992).

■ Jackson contends that even if we decide to affirm the dismissal of the petition against Sloan, which we do, that American Family Insurance Company can still be held liable because the absolute immunity rule does not cover persons or entities who are not parties or participants to those proceedings, citing *Laun v. Union Electric Company of Missouri,* 350 Mo. 572, 166 S.W.2d 1065 (1942). However, the liability for defamation of American Family is not very different from the issue of Sloan's liability as far as the choice of law rules are concerned. Thus, Kansas law applies to this issue as well. Jackson does not cite us to any Kansas law on the subject and we do not believe that a Kansas court has addressed this specific issue. This court cannot, sitting in Missouri, declare a new extension of the law for the courts of our neighboring state. Absent any alleged basis for holding that American Family is not covered by the absolute immunity rule and can be held liable for the statements of Jackson during closing statement, we also affirm the dismissal of Jackson's claim against American Family.

Jackson also asserts in his brief that the petition alleges other torts besides defamation, such as civil conspiracy or prima facie tort. We have reviewed the petition and do not find that Jackson pleaded anything other than defamation. To the extent that Jackson believes all the elements of some other tort are pled, the absolute immunity rule would once again come into play. Jackson has not addressed any means of escaping the applicability of the immunity rule as to these other torts.

**810**

## CONCLUSION

The judgment of the circuit court dismissing appellant's petition for failure to state a claim upon which relief can be granted is affirmed.

All concur.