[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
According to the complaint, the plaintiff, Donald Strode was hired by the town of Hamden on or about May 1, 1999, as a custodian for the town's library system. Strode contends that he was fired on July 7, 1999, as a result of an incident that James Bradley, one of his co-workers, claims occurred on or about June 1, 1999. Strode alleges that on July 1, 1999, Bradley filed a report regarding the alleged incident with the Hamden police department and his immediate supervisor David Scudder. In the report, Bradley stated that on June 11, 1999,[1] he was in the garage at the Thornton Wilder Library with Strode while Strode was cutting ropes off a van. Bradley claimed Strode held a cardboard box cutter with the razor extended up to Bradley's neck, made an "X" motion and stated, "I'll cut you up." Bradley also alleged that in a conversation he had with Strode earlier that day, Strode referred to "razor blades and stuff and women's parts," and referred to obscene things. Strode claims the incident did not occur and Bradley's statement was false and defamatory.
Strode commenced this action in which he alleges causes of action against Bradley for defamation, intentional infliction of emotional distress and negligent infliction of emotional distress in counts one, two and three respectively. Strode also alleges the same three causes of action against the other defendants, Louise Brundage, director of the Hamden library system, the Hamden library system itself and the town. Strode alleges one additional claim against the town for damages pursuant to General Statute § 7-101a.
Bradley has subsequently brought a motion for summary judgment as to counts one, two and three of the complaint on the grounds that there are no genuine issues of material fact to be tried as to the claims Strode makes against him and that no reasonable jury could find in Strode's favor as to his claims. In support of his motion, Bradley submits a supporting memorandum as well as the following documents: (1) Strode's answers to interrogatories; (2) a letter of termination Brundage sent to Strode dated July 7, 1999, outlining the grounds for his termination; (3) CT Page 14299 uncertified portions of Brundage's deposition testimony; and (4) a certified copy of the police report filed pursuant to Bradley's report of the alleged incident.
Strode filed an objection to the motion in which he contends that genuine issues of material fact remain unresolved. In support of his objection, Strode submits a memorandum and the following documents: (1) uncertified portions of Bradley's deposition testimony; (2) uncertified portions of Brundage's deposition testimony; (3) uncertified portions of his own deposition testimony; and (4) a Hamden library office memo dated June 22, 1999.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citation omitted.) Wilson v. NewHaven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v.Washington, 258 Conn. 553, 559-60,783 A.2d 993 (2001).
"[A]ny party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. . . ." (Internal quotation marks omitted.) Sullivan v.Yale-New Haven Hospital, Inc., 64 Conn. App. 750, 762 n. 7,785 A.2d 588 (2001); see also Practice Book § 17-44. This case has been assigned for trial and Bradley filed a motion for permission to file a motion for summary judgment, which the court granted. CT Page 14300
As a preliminary matter, the court notes that our Supreme Court has held, "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) Great Country Bank v. Pastore, 241 Conn. 423, 436,696 A.2d 1254 (1997). As previously explained by this court, "[i]f evidence is inadmissible at trial, it is insufficient to support a motion for summary judgment. . . . Whether to admit deposition testimony into evidence is within the discretion of the trial court." (Internal quotation marks omitted.) Piscitelli v. Metro North Commuter Railroad, Superior Court, judicial district of New Haven, Docket No. CV 92 0326325 (September 5, 1995, Zoarski J.). This court has previously determined that it will not consider uncertified depositions in ruling on a motion for summary judgment. Id. Accordingly, the deposition testimony submitted by the parties in this case in evaluating the present motion is not considered by this court.
In count one, Strode alleges that the statements Bradley made to the Hamden police and other employees regarding the incident at issue constitute defamation. Bradley raises two grounds in support of his contention that the statements Strode relies on do not constitute actionable defamation. First, Bradley contends that, even if the statements were not true, Strode has not presented sufficient evidence that he was harmed by those statements. Second, Bradley contends that even if there is sufficient evidence of harm, his publication of these statements was privileged. Genuine issues of material fact exist regarding Strode's claim for defamation.
"Defamation is that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory, or unpleasant feelings or opinions against him." (Internal quotation marks omitted.)Devito v. Schwartz, 66 Conn. App. 228, 234, 784 A.2d 376 (2001). In order to prevail on a defamation claim, a plaintiff is required to prove "the defendants published false statements that harmed the [plaintiff], and that the defendants were not privileged to do so." Kelley v. Bonney,221 Conn. 549, 563, 606 A.2d 693 (1992).
In regard to the issue of harm to Strode, Bradley contends that there is no genuine issue of material fact because Strode was not fired solely for the conduct Bradley refers to in the allegedly defamatory statements. Bradley supports this assertion with the termination letter Brundage sent to Strode dated July 7, 1999. (Defendant's Memorandum, Exhibit B.) The letter clearly sets out three additional instances in which Strode engaged in inappropriate behavior and used poor judgment and CT Page 14301 implies that these incidents contributed equally to Strode's termination. In response, Strode proffers an office memo from Brundage to Bob Gualtieri dated June 22, 1999, in which Brundage clearly states, "Normally, we would give him additional time to show improvement; however, the `razor blade' incident is probable cause for immediate dismissal." (Plaintiffs Memorandum, Exhibit C.) Given this conflicting evidence, Bradley has failed to show there are no genuine issues of material fact as to whether Strode was harmed by the statements Bradley made about the alleged assault.[2]
Bradley also claims he is entitled to summary judgment pursuant to the defense of conditional privilege because he published the statements in a bona fide discharge of his public duty in his position as a custodian at the library and that he made the statements at the direction of his supervisors and pursuant to the town's employment policy.
"There are two facets to the defense of privilege. The occasion must be one of privilege, and the privilege must not be abused. Whether the occasion is one of privilege is a question of law." (Internal quotation marks omitted.) Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 28, 662 A.2d 89 (1995).[3] "The defendants must sufficiently prove five prerequisites in order to establish the defense of . . . conditional privileges. . . . The essential elements are (1) an interest to be upheld, (2) a statement limited in its scope to this purpose, (3) good faith, (4) a proper occasion, and (5) a publication in a proper manner to proper parties only." Miles v. Perry, 11 Conn. App. 584,595, 529 A.2d 199 (1987).
As to the first and fourth elements, "[f]or the defense of conditional privilege to attach, a defendant must assert an objective interest sufficiently compelling to warrant protection of an otherwise defamatory communication." Bleich v. Ortiz, 196 Conn. 498, 501, 493 A.2d 236
(1985). "A qualified or conditional privilege arises out of an `occasion', such as, when one acts in the bona fide discharge of a public or private duty." Miles v. Perry, supra, 11 Conn. App. 594 n. 8. In addition, "communications between managers regarding the review of an employee's job performance and the preparation of documents regarding an employee's termination are protected by a qualified privilege. Such communications and documents are necessary to effectuate the interests of the employer in efficiently managing its business." Torosyan v.Boehringer Ingelheim Pharmaceuticals, Inc., supra, 234 Conn. 29.
In this case, the evidence that Bradley offers in support of his defense of privilege is not admissible.[4] Genuine issues of material fact exist regarding whether Strode was harmed by the statements and CT Page 14302 whether Bradley is entitled to rely on the defense of conditional privilege. Based on the foregoing reasoning, Bradley's motion for summary judgment as to count one is denied.
In count two, Strode asserts that Bradley's conduct in making false statements regarding the incident at issue constitutes intentional infliction of emotional distress. Bradley contends that he is entitled to summary judgment on this count because his actions in reporting the alleged assault do not rise to the level of extreme and outrageous conduct that is required for this cause of action.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . [As to the second element,] [w]hether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury. . . . [This element] requires conduct that exceeds all bounds usually tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!' Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 210-1 1, 757 A.2d 1059 (2000).
Bradley attempts to show that his conduct was not "extreme and outrageous" by referring to the town's employment policies and the fact that his supervisors directed him to contact the police. The documents he uses to support these assertions are, however inadmissable.[5]
Therefore, the court will consider whether, as a matter of law, Bradley's conduct was sufficient to support this element if he was not directed to engage in it by his employer.
"The Connecticut appellate courts have not addressed the question of CT Page 14303 whether false accusations of criminal behavior constitute extreme and outrageous employer conduct." Canty v. Rubenstein Sendy, Superior Court, judicial district of Hartford, Docket No. CV 98 0581381 (June 29, 2001, Schuman, J.). The Superior Court appears to be divided on the issue of whether making false accusations regarding unlawful or criminal behavior can constitute extreme and outrageous conduct; see e.g., id. (employer's allegations of criminal behavior not extreme and outrageous because related to employee's job performance and did not include aggravating factors); but see Baricko v. Cheesebrough-Pond's USA Co., Superior Court, judicial district of New Haven, Docket No. CV 97 0395642 (December 26, 2000, Zoarski, J.) (supervisor's false allegations of sexual harassment made to discredit employee are extreme and outrageous). In the later case, this court determined that such accusations may be sufficient to support this element.
In this case, it cannot be determined as a matter of law that Bradley's conduct does not rise to the level of being extreme and outrageous. Reasonable minds could disagree on the issue of whether an employee's filing of a false accusation that he was assaulted by a coworker satisfies the extreme and outrageous conduct element of a cause of action for intentional infliction of emotional distress. Accordingly, Bradley's motion for summary judgment is denied as to count two.
In count three, Strode alleges that Bradley's conduct constitutes negligent infliction of emotional distress. Bradley asserts that he is entitled to summary judgment because Strode cannot show that Bradley's actions reporting the alleged assault did or should have lead him to believe that his conduct involved an unreasonable risk of causing Strode emotional distress and that, the distress, if it were caused, might result in illness or bodily harm.
"[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. . . . [I]n such cases, the defendant would not be liable unless the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Perodeau v. Hartford, 259 Conn. 729,749, 792 A.2d 752 (2002). In addition, although neither party referred to this fact, the Supreme Court has expressly held that "an individual municipal employee may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Id., 762-63.[6]
CT Page 14304
Again, both parties rely on the same inadmissable evidence to support their arguments on this cause of action. Accordingly, Bradley fails to meet his burden of showing that no genuine issues of material fact exist as to whether he believed or had reason to believe that his conduct involved an unreasonable risk of causing emotional distress and that, that distress might result in illness or bodily harm and as to whether the conduct Strode relies on occurred during the termination of his employment. Therefore the motion for summary judgment as to count three is denied.
For the foregoing reasons Bradley's motion for summary judgment as to counts one, two and three are denied.
 ___________________ Howard F. Zoarski Judge Trial Referee