20-532-cv
*Powell v. Jones-Soderman*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-one.

PRESENT:
          DENNIS JACOBS,
          JOSEPH F. BIANCO,
          MICHAEL H. PARK,
                    *Circuit Judges.*
_____

Scott Powell,

                    *Plaintiff-Appellee*,

          v.                                                      20-532-cv

Jill Jones-Soderman,

                    *Defendant-Appellant,*

Foundation for the Child Victims of the Family Courts,

                    *Defendant.*
_____

FOR PLAINTIFF-APPELLEE:                John R. Williams, New Haven, CT.


FOR DEFENDANT-APPELLANT:               DAVID K. LUDWIG (Thomas K. Hedemann,
                                       Nicholas E. Gaglio, *on the brief*), Axinn,
                                       Veltrop & Harkrider LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Spector, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jill Jones-Soderman appeals from a judgment of the district court, entered on January 16, 2020, finding liability and awarding Plaintiff-Appellee Scott Powell damages on his claims for defamation per se and invasion of privacy pursuant to Connecticut law. Powell brought various state law claims against Jones-Soderman arising from her publication of allegedly defamatory statements on her public website falsely accusing Powell of sexually abusing his two minor children. The parties consented to have a United States magistrate judge conduct all proceedings in the case. *See* 28 U.S.C. § 636(c). Following a bench trial, Magistrate Judge Robert M. Spector found that Jones-Soderman was liable for defamation per se and invasion of privacy because she had acted with reckless disregard for the veracity of the defamatory statements and awarded Powell $40,000 in general damages for emotional distress, as well as $60,000 in economic damages for lost income.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

On appeal, Jones-Soderman raises three challenges to the district court's findings of fact and conclusions of law. First, she argues that the district court failed to consider whether Powell

---

[1] With respect to the remaining claims, Magistrate Judge Spector found that Jones-Soderman was not liable for intentional or negligent infliction of emotional distress because Powell had failed to submit sufficient evidence that any emotional distress that he suffered as a result of Jones-Soderman's defamatory statements was severe.

had sufficiently proven the falsity of her statements, as required to overcome her First Amendment defense to Powell's defamation claim. Second, Jones-Soderman contends that the district court erroneously concluded that Powell had sufficiently proven she had acted with the degree of fault necessary to overcome her First Amendment defense and failed to adequately consider her purported good faith belief in the truth of her statements. Finally, she asserts that the district court erred in calculating Powell's damages award for lost income.

Generally, "[o]n appeal from a bench trial, we review findings of fact for clear error and conclusions of law *de novo*." *Copeland v. Vance*, 893 F.3d 101, 110 (2d Cir. 2018) (internal quotation marks omitted). However, "in cases raising First Amendment issues [the United States Supreme Court has] repeatedly held that an appellate court has an obligation to make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 499 (1984) (internal quotation marks omitted); *accord Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 182, 184 (2d Cir. 2000). In reviewing the record and evaluating the evidence, we give "special deference . . . to a trial judge's credibility determinations." *Bose Corp.*, 466 U.S. at 500.

## I. <u>Falsity</u>

The First Amendment requires that "in a suit by a private plaintiff involving a matter of public concern, . . . allegedly defamatory statements must be provably false, and the plaintiff must bear the burden of proving falsity." *Flamm v. Am. Ass'n of Univ. Women*, 201 F.3d 144, 149 (2d Cir. 2000). As an initial matter, we disagree with Jones-Soderman's contention that the district court "failed to make any factual findings with respect to the truth or falsity of [her] statements."

3

Appellant's Br. at 17. The district court recounted Powell's trial testimony in which he, among other things, vehemently denied the false accusations, and stated that there was "never a scintilla of truth to any of those accusations." *Powell v. Jones-Soderman*, 433 F. Supp. 3d 353, 367 (D. Conn. 2020) (alteration and internal quotation marks omitted). The district court also summarized, in detail, the evidence in the record that supported a finding that the defamatory statements were false, including the fact that the Connecticut Superior Court had previously discredited the allegations that Powell had sexually abused his two children. Moreover, in its legal reasoning, the district court cited case authority that pertained to circumstances where defamatory statements are "demonstrably false and groundless." *Id.* at 376 (internal quotation marks omitted). In short, based on the analysis contained in the Memorandum of Decision, it is clear that the district court found that Powell had sufficiently proven that the defamatory statements were false.

We also are unpersuaded by Jones-Soderman's argument that the trial evidence did not support a falsity finding as to her defamatory statements.[2] As outlined in the district court's findings of fact, the Connecticut Superior Court, pursuant to a March 21, 2016 emergency application bringing sexual abuse allegations against Powell and seeking to transfer custody of his children, conducted a full evidentiary hearing regarding those allegations and concluded that

---

[2] Jones-Soderman observes that it remains an open question under federal law as to whether falsity must be established by clear and convincing evidence or by a preponderance of the evidence; but she does not argue which burden of proof should apply. Instead, she asserts that "[i]rrespective of which standard applies, the evidence falls far short of showing that [her] . . . statements are false." Appellant's Br. at 19. She has thereby waived any argument that the higher burden of proof should apply to falsity; so we do not address that issue on appeal. *See United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Powell did not present "an immediate and present risk of physical danger or psychological harm" to his children, and that the children should be returned to his "sole legal and physical custody." *Powell*, 433 F. Supp. 3d at 366 (internal quotation marks omitted). Thus, in conjunction with Powell's trial testimony, the findings of the Connecticut Superior Court (which Jones-Soderman concedes were introduced into the trial record for the truth of the matters asserted), provided a sufficient basis for the district court to find that Powell had proven the falsity of the alleged defamatory statements.

## II.    Fault

The First Amendment also requires a plaintiff alleging defamation to prove that the defendant acted with some degree of fault. *See Flamm*, 201 F.3d at 155. Jones-Soderman asserts that the First Amendment requires Powell to prove that she acted with actual malice. Contrary to her argument, however, it is clearly established, under federal law, that the requisite degree of fault a private individual alleging defamation must prove is the "constitutional minimum of negligence." *Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 136 (2d Cir. 1984); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974). Having relied on the wrong legal standard, Jones-Soderman has failed to even argue that she has not acted negligently in publishing the defamatory statements, and as a result, she has waived any such argument on appeal.[3] *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009). Accordingly, we agree with the district court that the First Amendment did not protect Jones-Soderman from liability for publishing the alleged defamatory statements.

---

[3] In any event, as discussed below, we conclude that there was a more than sufficient basis for the district court's finding, under Connecticut law, that Jones-Soderman had published those statements with a higher degree of fault—namely, actual malice.

5

To the extent that Jones-Soderman contends that Powell has failed to prove actual malice under state law (rather than in connection with her First Amendment defense), we also find that argument to be unavailing. In Connecticut, "[a] defendant may shield h[er]self from liability for defamation by asserting the defense that the communication is protected by a qualified privilege." *Gleason v. Smolinski*, 125 A.3d 920, 948 n.32 (Conn. 2015) (first alteration in original) (internal quotation marks omitted). However, a plaintiff may prove actual malice to defeat a qualified privilege defense. *See id.* "[A]ctual malice requires a showing that a statement was made with knowledge that it was false or with reckless disregard for its truth." *Gambardella v. Apple Health Care, Inc.*, 969 A.2d 736, 747 (Conn. 2009). "[R]eckless disregard may be found when an individual publishes defamatory statements with a high degree of awareness of probable falsity or entertained serious doubts as to the truth of the publication." *Id.* at 748 (alterations and internal quotation marks omitted).

There is no basis to disturb the finding by the district court, after weighing the evidence and making the necessary credibility determinations at trial, that Jones-Soderman had published statements accusing Powell of sexually abusing his two minor children with reckless disregard for their truth. In making this determination regarding scienter, the district court relied on, *inter alia*, the following evidence: (1) Jones-Soderman had been paid and retained by Powell's ex-spouse to conduct an evaluation so that she could try to regain custody of the two children, who were in Powell's custody; (2) prior to publishing the allegations on her website, Jones-Soderman had reviewed clinical findings in an expert's 2011 report revealing that Powell's children may have suffered from various psychological disorders that would strongly militate against the credibility of the children's sexual abuse accusations against Powell and "conclud[ing] that the children were

6

not being truthful in making allegations of sexual abuse," *Powell*, 433 F. Supp. 3d at 363; (3) Jones-Soderman was "well aware that the earlier court records [in 2011] documented a history of neglect by [Powell's ex-spouse] and that [a Connecticut judge] had transferred custody to Powell only *after* considering [the expert's] reports and hearing evidence from witnesses, including [Department of Children and Families ("DCF")] workers, school officials, [the ex-spouse's] therapist, and a former nanny of the children, *id*. at 371–72; (4) "Jones-Soderman was aware, as [the Connecticut Superior Court] had noted, that previous allegations of the children against Scott Powell of sexual assault, harm, emotional neglect, [and] physical and emotional abuse were investigated by DCF, and the police, and have always been unfounded," *id*. at 372 (internal quotation marks omitted); and (5) "Jones-Soderman was well aware . . . , in particular, that [the Connecticut Superior Court] had based [its] April 2016 decision to return [the children] to Scott Powell's custody on a consideration of a substantial amount of evidence, including the complex history of this custody dispute in which there had been absolutely no support for the allegations of physical or sexual abuse" and "[t]his evidence consistently raised doubt as to the veracity of the claims [the children] leveled against their father," *id*. at 375–76. As to Jones-Soderman's claim that she was acting in the best interest of the children in publishing these allegations, the district court noted that, even though she acknowledged that she was a legally "mandated reporter" of sexual abuse as an unlicensed counselor, she did not call DCF to report any of these allegations of abuse, and that her inaction "weigh[ed] against" her purported purpose. *Id*. at 363.

In sum, this evidence, as well as the other evidence in the trial record thoroughly analyzed by the district court, provided a sufficient basis for the district court to conclude that Jones-

Soderman acted with actual malice by virtue of her reckless disregard for the truth of her statements, particularly because under Connecticut law, "[i]t is axiomatic that a defendant who closes h[er] eyes to the facts before h[er] cannot insulate h[er]self from a defamation charge merely by claiming that [s]he believed h[er] unlikely statement."[4]  *Gambardella*, 969 A.2d at 750. Accordingly, we conclude that Connecticut's qualified privilege defense did not protect Jones-Soderman from liability for publishing the alleged defamatory statements.

Powell also prevailed on a false-light invasion of privacy claim under Connecticut law, which likewise requires a showing that Jones-Soderman acted with knowledge or in reckless disregard of the falsity of her statements.  *See Goodrich v. Waterbury Republican-Am., Inc.*, 448 A.2d 1317, 1330 (Conn. 1982).   We affirm on the basis of the same evidentiary showing.

## III.    Economic Damages for Lost Income

With respect to the award of economic damages, Jones-Soderman argues that the district court improperly awarded Powell damages for lost income because Powell had failed to present sufficient evidence that Jones-Soderman's defamatory statements caused him to lose his summer job.  To recover economic damages under Connecticut law, "the plaintiff must prove that he suffered economic loss that was legally caused by the defendant's defamatory statements."

---

[4] Jones-Soderman also makes the related argument that the district court incorrectly concluded that she had acted with actual malice in light of the fact that it also found that she "had a good-faith belief in the truth of her statements."   Appellant's Br. at 25.   However, we disagree with Jones-Soderman's interpretation of the district court's ruling on whether she was publishing the statements in good faith.   In fact, the district court stated, in its Memorandum of Decision that "professions of good faith [are] unlikely to prove persuasive when the publisher's allegations are so inherently improbable that only a reckless [wo]man would have put them in circulation," and then found "[t]hat is precisely the situation in this case." *Powell*, 433 F. Supp. 3d at 375 (alterations, emphasis, and internal quotation marks omitted); *see also id.* at 376 (citing law regarding good faith and finding "Jones-Soderman's testimony is simply not credible").   It is thus clear that the district court did not credit Jones-Soderman's assertions that she had published her defamatory statements in good faith, and properly applied Connecticut law.

*DeVito v. Schwartz*, 784 A.2d 376, 381 (Conn. App. Ct. 2001). "Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." *Am. Diamond Exch., Inc. v. Alpert*, 28 A.3d 976, 986 (Conn. 2011) (internal quotation marks omitted). However, Connecticut courts have noted "that there are circumstances in which proof of damages may be difficult and that such difficulty is, in itself, an insufficient reason for refusing an award once the right to damages has been established." *Id.* (internal quotation marks omitted).

Powell testified that for more than a dozen years leading up to 2016, he worked as a director at a summer day camp for children ages three to ten. Powell further explained that, immediately after Jones-Soderman published her statements accusing him of sexually abusing his own children, the summer camp did not rehire him as a summer camp director and simply told him that they wanted to go in a different direction. In view of the fact that Jones-Soderman's sexual abuse accusations spoke directly to Powell's capacity to work with children at a summer camp, and considering Powell's long tenure at the summer camp and the camp's sudden refusal to rehire him immediately following the publication of Jones-Soderman's statements, we conclude that there is sufficient evidence to support a reasonable inference that Jones-Soderman's defamatory statements caused Powell to lose his summer position as a camp director.

Although Jones-Soderman also asserts that the district court miscalculated Powell's award of economic damages by failing to consider whether Powell was able to recoup lost income from his summer camp position by earning additional summer income from his normal job as an independent contractor, we find that argument equally unpersuasive. Powell testified at trial that his contractor business suffered because Jones-Soderman's defamatory statements precluded him

9

from advertising his business online, but explained that it was very difficult to put a figure on the extent to which his business was damaged. Because the district court could not calculate how much Powell's contractor business was actually damaged by the defamation, the district court only awarded Powell $60,000 in lost income, an objectively ascertainable figure that included four years of lost salary as a result of not having been rehired at the summer camp since 2016. Given the district court's conclusion that it could not determine the portion of the contractor business that was lost because of the defamation, it would have been speculative on this record to conclude, as Jones-Soderman urges, that Powell actually reaped a net *gain* of income from that business (due to additional work that he may have performed over the summer) that should be deducted from the lost summer camp income. Accordingly, based on the scant evidence in the record regarding the details of Powell's contractor business, the district court did not err when it failed to use any income from the contractor business to offset the award of lost income from the summer camp position.

\* \* \*

We have considered all of Jones-Soderman's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10